**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

DAVID P. DONOVAN,

*Plaintiff*,

v.

BETH A. WILKINSON,

*Defendant*.

Civil Action No. 1:20-cv-1344

**PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S**
**NOVEMBER 17, 2020 ORDER ON SEALING**

Plaintiff David P. Donovan ("Plaintiff"), pursuant to Local Rule 7 and this Court's November 17, 2020 Order (the "Order), seeks clarification of the Court's Order to address protection of confidential material that Magistrate Judge Davis may rule is appropriate to redact and seal in Court filings made between November 17 and the time Judge Davis issues his ruling on redactions per the Order. In support of this request for clarification, Plaintiff states as follows:

1.  On November 17, 2020, the Court issued the order concluding that, rather than sealing the entire case, as Plaintiff requested, "[t]o the extent that pleadings or hearings involve facts, matters or references that should be kept confidential, those facts, matters or references can be addressed on an individual basis." [ECF 32.] This Court also ordered that "the existing pleadings and transcripts which currently remain sealed pursuant to Local Rule 5(C) shall remain sealed pending the Magistrate Judge's decision as to any particular pleading or transcript or portion thereof, as set forth herein." [*Id*.] The Order further required the parties to confer and to submit to the Court proposed redactions concerning the existing sealed pleadings, and, to the extent the parties do not reach an agreement, then the parties should submit to the Court " . . . the reasons supporting the parties' respective positions as to those proposed redactions . . ." to Magistrate Judge Davis by noon on November 20, 2020. [*Id*.] These rulings by Magistrate Judge Davis will presumably establish the scope of information and

materials the Court deems appropriate for sealing going forward, and hopefully additional guidance on procedures for future compliance with such sealing rulings.

2.      The Order was silent, however, on a process or procedure to ensure Plaintiff's rights to submit proposed redactions to any other filings made prior to the Court ruling on the scope of permissible redactions.  Yesterday, Defendant made a public filing that caused Plaintiff to recognize that upcoming unsealed filings, such as her proposed redactions and opposition to Plaintiff's Motion for Preliminary Injunction, could undermine the appropriately cautious procedures set forth by the Court's November 17 Order.  [ECF 34].  Defendant filed a motion for extension that unnecessarily referenced an "ongoing investigation that Wilkinson Stekloff LLP is performing for the NFL" and identified the interviewee's name.  [*Id.* at ¶ 6.]  Those gratuitous references highlighted the necessity for clarity on the sealing status of the required upcoming filings that will be made prior to Judge Davis' redaction rulings.  For all of these reasons, it is important that the parties have clarity on the procedures for filing of confidential information that forms the factual basis for the Court ordered redactions, preliminary injunction and relief sought before the Court's rulings on Plaintiff's Motion for sealing is complete.

3.      Plaintiff hereby seeks clarification of the Order to ensure that Defendant does not make additional filings that circumvent the orderly redaction process before Judge Davis rules.  In particular, the Court ordered Defendant to file her Opposition to Plaintiff's Sealed Motion for Preliminary Injunction on the same day the parties are making redaction submissions to Judge Davis.  [ECF 12.] And, Defendant's redaction submission and explanations, if not required under seal, are likely to expose confidential information that Plaintiff will, at the same time, argue should remain sealed.[1] Therefore, absent clarification, it is almost certain that Defendant will include in a public opposition to Plaintiff's Sealed Motion for Preliminary Injunction confidential information that Plaintiff will be

---

[1] Plaintiff will file his proposed redactions with a Motion to Seal for the same reason.

arguing to Judge Davis on the same day should be redacted and remain sealed.  If Defendant is not required, temporarily pending Judge Davis' rulings, to make all ongoing filings under seal, Defendant will likely publicly expose all information and material Plaintiff sought by his Motion to protect from public disclosure.  And, although the Court did not seal the entire case, the redaction process ordered by the Court strongly suggests that the Court agrees with Plaintiff that some of the case materials do warrant sealing.

     4.     Because the parties have not reached agreement on all of the necessary redactions, and, upon email communications with Defendant, Defendant has not consented to the relief sought by this motion, Plaintiff respectfully requests that the Court issue a clarifying sealing order:

    (a) Ordering that all filings made prior to Judge Davis' ruling on redactions be made under seal unless both parties consent to public filing (*e.g. pro hac* motions, appearances, etc.);

    (b) Ordering that Defendant's opposition to Plaintiff's Motion for Preliminary Injunction, specifically, be filed under seal and subject to redaction procedures to be issued by Judge Davis; and

    (c) Clarifying that the Magistrate Judge should issue further rulings concerning procedures for redactions and sealing that result from his consideration of the parties' November 20, 2020 redaction submissions so as to avoid ongoing disputes over whether Defendant's public filings improperly contain information that is subject to the upcoming rulings on Plaintiff's Motion to Seal.

Respectfully submitted, this 19th day of November, 2020,

            /s/ *Cathy A. Hinger*
Cathy A. Hinger (VSB No. 46293)
Lela M. Ames (VSB No. 75932)
Claire J. Rauscher (Admitted Pro Hac Vice)
Ana L. Jara (Admitted Pro Hac Vice)
WOMBLE BOND DICKINSON (US) LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
Telephone:  202-857-4489
Facsimile:  202-261-0029
Email:  cathy.hinger@wbd-us.com
Email:  lela.ames@wbd-us.com
Email:  claire.rauscher@wbd-us.com
Email:  ana.jara@wbd-us.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of November, 2020, a true and correct copy of the foregoing *Plaintiff's Emergency Motion for Clarification of the Court's November 17, 2020 Order on Sealing* was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.


   */s/ Cathy A. Hinger*                   
Cathy A. Hinger, Esq.