UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| David P. Donovan, | )<br>) |
| Plaintiff, | )    Index No. 20-cv-1344<br>) |
| v. | )<br>) |
| Beth A. Wilkinson, | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 17, 2020 ORDER ON SEALING**

Plaintiff seeks, via his motion for clarification, to bar Defendant from filing anything on the public docket in this case until Judge Davis resolves redaction issues for the briefs that have been previously submitted. The motion is not well taken and should be denied, for four reasons.

*First*, there is nothing to clarify about the Court's order on sealing (the "Sealing Order," ECF No. 32). The Court rejected sealing the entire case. It recognized that the Fourth Circuit has upheld "a general right to access court documents and records." *Id*. at 2. It cited the instruction in Local Rule 5(C) that "[m]otions to file documents under seal are disfavored and discouraged" and "[b]lanket sealing of entire briefs, documents, or other papers is rarely appropriate." *Id*. And it held that the core issues in dispute do not warrant sealing:

> There is nothing about the injunctive relief sought, the basis upon which that relief is sought or the parties' names involved in this action that justifies sealing the entire case. The central issue presented in this case is routinely adjudicated publicly; and nothing, including none of 'the compelling interests' or the spectre of future harms that Plaintiff invokes, can be inferred from the described nature of this case to justify sealing the entire proceeding.

*Id*. at 3.

*Second*, and consistent with Ms. Wilkinson's opposition to sealing, the Court also instructed the parties to meet and confer on partial redactions to materials provisionally filed under seal. *Id.* at 3-4. But the Court did not require that any further submissions be made under seal. Any doubt as to that was resolved by an email from chambers to the parties on November 18, 2020, which provided: "***To clarify***, please be advised that since the case has been unsealed (with appropriate documents remaining under seal until your hearing with Judge Davis on 11/20/2020), ***the parties should be filing their respective pleadings on the docket electronically***. If any documents need to be filed under seal, please do so in accordance with the instructions online." Email from Chambers to Counsel, Nov. 18, 2020 (emphasis added). This clarification is contrary to what Plaintiff now seeks, which would more accurately be described as a motion for reconsideration of the Court's instructions.

*Third*, Plaintiff fails to justify any such reconsideration, because Defendant has done nothing inappropriate. The sole basis for Plaintiff's request is that Defendant yesterday filed on the public docket a short motion seeking a modification to the current briefing schedule. *See* ECF No. 34. But that motion did not mention anything about the 2009 agreement pursuant to which Plaintiff is seeking confidential treatment. It did not identify what that agreement was about, how it came to be, who signed it, or what relevance if any it has to Defendant's ongoing work. Instead, the motion mentioned in passing that Wilkinson Stekloff LLP's investigation for the NFL is ongoing. That is a matter of public record, as numerous news accounts confirm. Nor is there anything inappropriate about the mention of Mr. Daniel Snyder, the principal owner of the Washington Football Team, in relation to the ongoing investigation. Mr. Snyder himself has publicly commented on the investigation, noting that "Beth Wilkinson and her firm are empowered

to do a full, unbiased investigation and make any and all requisite recommendations."[1]  Among other things, it is public knowledge that "Snyder has told the NFL he will release current and former team employees from nondisclosure agreements for the sole purpose of cooperating with Wilkinson and [her] law firm."[2]  Finally, Defendant fails to see how Plaintiff has standing to raise confidentiality concerns with the statements in Defendant's motion, since these statements do not relate to him and do not disclose the information he is seeking to enjoin.

*Fourth*, granting Plaintiff's motion would dramatically compress Defendant's time to respond to the motion for a preliminary injunction.  The Court confirmed today that Defendant's deadline to respond to that motion is tomorrow, November 20, 2020.  That response is due by midnight tomorrow.  *See* Fed. R. Civ. P 6(a)(4) ("Unless a different time is set by a statute, local rule, or court order, the last day ends: (A) for electronic filing, at midnight in the court's time zone").  By forcing Defendant to file the response under provisional seal, Plaintiff would effectively force Defendant to file it at least seven hours earlier that it is due, given the closure time of the clerk's office.  And Plaintiff would force Defendant's counsel to stop working on the filing earlier during the day than that given the need to print, assemble, and hand-deliver copies to the Court.  There is no warrant for that, especially since counsel for the parties have been instructed to appear before Judge Davis tomorrow on the issues of redactions.

---

[1]     Adam Kilgore, *Who Is Beth Wilkinson? Lawyer Leading Washington NFL Team's Investigation Has High-Profile History*, WASH. POST (July 17, 2020).

[2]     Liz Clarke et al., *NFL Assumes Oversight Of Investigation Into Washington Football Team Workplace,* WASH. POST (Aug. 31, 2020).

For these reasons, Defendant respectfully submits that there is nothing to clarify about this Court's order on sealing, and that Plaintiff's request to reconsider the Court's clarifying instructions on filing be denied.

Dated: November 19, 2020

Washington, DC

Respectfully Submitted,

Beth Wilkinson

By: /s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
Thomas B. Mason (admitted *pro hac vice*)
Jared Paul Marx (VA Bar No. 91213)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street NW, 8th Floor
Telephone: (202) 730-1300
Fax: (202) 730-1301
tconnolly@hwglaw.com
tmason@hwglaw.com
jmarx@hwglaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to counsel of record for the parties.

Dated: November 19, 2020                     <u>*/s/ Thomas G. Connolly*</u>
                                             Thomas G. Connolly