IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-01344 (AJT/IDD) |
| ) | |
| BETH A. WILKINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This MATTER is before the Court on Defendant's Motion to Seal Defendant's Objections to Redactions [Dkt. No. 44] and Plaintiff's Confidential Motion to Seal Plaintiff's Statement Regarding Redacted Materials and to Seal the November 30, 2020 Hearing [Dkt. No. 50]. This matter can be resolved without oral argument, as such argument would not aid the decisional process. It is hereby

**ORDERED** that the Motions are **GRANTED in part and DENIED in part**. The portion of Plaintiff's Motion to seal the November 30, 2020 hearing is denied as moot. *See* Dkt. No. 66.

With regard to all filings by either party, the documents shall redact the following: the phrases "settlement" and "settlement agreement;" references to the date, year and age of the settlement; references to the matter giving rise to allegations and the year of said matter; the "Complainant" in reference to the matter and settlement, as well as complainant's name and title; and all references to news media investigation of or inquiries into the matter. All discussions or

1

references concerning particularities of the settlement or agreement, such as a requirement that a waiver of confidentiality be in writing and prohibition on disparagement, shall be redacted. Any references to arbitration demand; any information protected by attorney-client privilege, such as letters between lawyers and clients; and any references to the NFL, Washington Football team or the word "team" in reference to the matter giving rise to the settlement shall be redacted.

Regarding the exhibits to Defendant Beth A. Wilkinson's Objections to Plaintiff's Proposed Redactions of the Record [Dkt. No. 46], the Court orders the following:

- In Exhibit A, Transcript of a motions hearing before Judge Trenga [Dkt. No. 46-1], page 22, lines 22 through page 23, line 2, ending in "gain" shall be redacted.

- In Exhibit B, Beth Wilkinson's Opposition to Plaintiff's Motion for Leave to File Under Seal and Seal Case [Dkt. No. 46-2], the partial redaction of bullet point 1 on page 1 the parties proposed is granted; redaction of bullet point 3 is denied.

- In Exhibit C, Beth Wilkinson's Prehearing Memorandum [Dkt. No. 46-3], the partial redaction of the brief's opening paragraph that the parties propose is granted. In the second paragraph, only the adjective characterizing the nature of misconduct should be redacted. The request to redact the sentence that begins, "He was not accused…" is denied. The request to redact from the Conclusion on page 10 of the brief (page 11 of Dkt. No. 46-3) the words "very serious" and "that he" is denied.

All other proposed redactions of Exhibits A-C are denied.

Regarding the redactions proposed by Plaintiff, the Court orders the following:

- In Plaintiff's Statement Regarding Redacted Material and Request to Seal the November 30, 2020 Hearing [Dkt. No. 54], the time frame at the end of paragraph 2 on page 5 shall be redacted.

- In the Verified Complaint for Temporary Restraining Order and Preliminary and Injunctive Relief [Dkt. No. 54-1], the personal addresses of the parties shall be redacted from the caption. The first sentence of paragraph 11; paragraphs 12, 13, and 18 in their entirety; and the information contained within the parentheses of paragraph 15 shall be redacted. Paragraphs 26 and 33 shall be redacted in conformity with the guidance this Order offers above.

- In Plaintiff's Exhibit 3, Confidential Memorandum in Support of Plaintiff's Motion to File Under Seal and to Seal Case [Dkt. No. 54-5], on page 6, in the opening paragraph under Argument, the second to last line about sealing the agreement shall be redacted. On page 9, the last paragraph under subsection ii shall be redacted.

- In Plaintiff's Exhibit 4, Transcript of a motions hearing before Judge Trenga, the proposed redactions on page 10 of the transcript (page 11 of Dkt. No. 54-6); page 21, lines 11 through 20; page 22, lines 8-13; and page 22, lines 23 through page 23, line 4 are granted. The remainder of the Plaintiff's proposed redactions of Exhibit 4 are denied.

- In Plaintiff's Exhibit Part 1, Declaration of David P. Donovan in Support of David Donovan's Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. No. 54-2], the redactions in paragraphs 23 through 28 are approved. In exhibits to the declaration, personal phone numbers and email addresses shall be redacted.

- All other proposed redactions of Plaintiff's Statement Regarding Redacted Material and Request to Seal the November 30, 2020 Hearing and the accompanying exhibits are denied. It is further

**ORDERED** that the parties revise the documents subject to this Order to incorporate the redactions pursuant to the guidance in this Order. The parties are ordered to submit to the Clerk of Court properly redacted documents and to follow the Clerk's procedures for replacing the versions of these documents previously filed under seal with redacted versions to be placed on the public docket. It is further

**ORDERED** that the parties modify any other Motions to Seal that have been filed but not referenced in this Order to be consistent with redactions approved and denied by this Order.

The Clerk is directed to forward copies of this Order to all counsel of record.

ENTERED this 25th day of November 2020.

/s/   Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

Alexandria, Virginia

3