UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN<br><br>Plaintiff,<br><br>v.<br><br>BETH A. WILKINSON<br><br>Defendant. | Civil Action No. 1:20-cv-01344-AJT-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF PRO-FOOTBALL INC.'S MOTION ON CONSENT OF ALL PARTIES TO INTERVENE PURSUANT TO FED. R. CIV. P. 24**

Pro-Football Inc., d/b/a the Washington Football Team (the "Team"), submits this Memorandum of Law in support of its Motion to Intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure.

**BACKGROUND**

This litigation arises out of claims brought by David P. Donovan against Beth A. Wilkinson, whom the Team retained along with the firm of Wilkinson Stekloff in July 2020 to conduct an independent investigation (the "Investigation") of Pro-Football, Inc. d/b/a the Washington Football Team. Subsequently, Wilkinson Stekloff was engaged directly by the NFL.

At the request of Mr. Donovan, the bulk of the filings in this case have been made under seal. The Team is not a party to this litigation and is unable to discern the great majority of details of the subject matter and filings within the litigation. However, the public docket reflects that Magistrate Judge Davis has ordered the parties to submit to the Clerk's Office unsealed versions of documents in the case, but that the parties have not yet made all of those submissions. The Team, therefore, respectfully moves to intervene under Rule 24 of the Federal Rules of Civil

Procedure to determine if the Team has privilege, privacy, and/or confidentiality interests at stake in the disclosure of this information that it may have a legal right to protect.  Plaintiff and Defendant have both consented to the Team's intervention.

The Team moves to intervene as of right under Rule 24(a)(2) because (i) it has legally protected interests at stake in this litigation, (ii) no other party will adequately represent its interests, and (iii) its motion is timely.  This request is timely as the Team brings the instant motion less than one month after the filing of the suit, the underlying action has not progressed past the initial pleading stage, no deadlines or case management orders have been set, and no discovery commenced.  No parties to the action would adequately protect the Team's interests given that Mr. Donovan has already voluntarily dismissed his claims in the underlying action and Ms. Wilkinson has been sued in her personal capacity.  Moreover, there would be no prejudice in allowing the Team to intervene (as evidenced by the parties' consent to this motion), but there is great risk of harm to the Team if information that the Team has a legally protected right to maintain confidential is disclosed.

In the alternative, the Court should grant the Team's request to intervene on permissive grounds under Rule 24(b)(1)(B) because the Team seeks to raise questions of law and fact common to the main action: whether and to what extent documents that concern the Team's privileged, private and/or confidential information should be publicly disclosed. Furthermore, intervention would not unduly delay the resolution of the merits. Thus, for the reasons set forth herein, the Court should grant the Team's motion to intervene in this matter.

Finally, since the Team's efforts to safeguard its legal interests would be nullified if the documents at issue were to become public before the Team has had a chance to propose redactions consistent with this Court's prior orders or to move for the redaction of additional material, the

Team further requests the Court continue to direct the Clerk to hold, and not place on the public docket, any previously sealed materials filed on December 4, 2020, and all other docket entries already under seal, until resolution of the Team's claims by the Court.

## **ARGUMENT**

### I.     THE COURT SHOULD GRANT THE TEAM'S MOTION TO INTERVENE

The United States Court of Appeals for the Fourth Circuit holds that "liberal intervention is desirable to dispose of as much of the controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotations omitted).  Fed. R. Civ. P. 24 thus provides two avenues for a non-party to intervene.  First, Rule 24(a)(2) provides an entity with the "unconditional right" to intervene where it:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Second, under Rule 24(b)(1)(B), intervention is permitted upon a timely motion where the movant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1); s*ee also 100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269, 286 (D.D.C. 2014) (granting permissive intervention where intervenor sought to protect its privacy interest in confidentiality of records relating to the litigation).

Intervention is granted in situations such as this where prospective parties seek to assert their rights related to collateral.  *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("Intervenors do not ask the district to rule on additional claims or seek to become parties to the action. They ask the court only to exercise that power which it already has, i.e., the power to modify the protective order."); *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus*

*Lines, Inc.*, 2017 WL 1376298, at *3 (W.D. Pa. Apr. 17, 2017) ("Given that Erie seeks to intervene in order to submit special interrogatories, not to file a pleading, and there is no evidence that Erie's failure to submit a pleading along with its motion to intervene caused prejudice to the existing parties, the court will exercise its discretion and waive the pleading requirement.").

As discussed below, the Team may intervene in this dispute as a matter of right because the Team has a cognizable interest in protecting its privileged communications, as well as enforcing the confidentiality of its information, along with any privacy interests. In the alternative, the Court should exercise its discretion and permit the Team to intervene because, based on the public documents, the Team's arguments raise common questions of law or fact with the core of this dispute.

### A. The Team May Intervene in this Action as a Matter of Right Under Rule 24(a)(2)

Prospective parties may intervene as a matter of right if they: (1) make a timely motion to intervene; (2) have a "direct and substantial interest" in the transaction at issue in the action; (3) their interests would be impaired if intervention was not allowed; and (4) their interests are inadequately represented by existing parties. *KBA-Giori, N. Am., Inc. v. Muhlbauer, Inc.*, 2009 WL 10689452, at *1 (E.D. Va. Aug. 14, 2009) (quoting *Matter of Richman*, 104 F.3d 654, 659 (4th Cir. 1997)). The Team satisfies each of these elements.

#### 1. *The Team's Motion to Intervene is Timely*

This motion is timely, as this action was only recently commenced and is still in its preliminary stages. Even though the case has been dismissed, the redaction process pursuant to the Order is still in the early stages. Indeed, the impetus for the Team's motion to intervene occurred within the last few days—*i.e.,* when the Sealing Order was issued on November 25, 2020 and Ms. Wilkinson filed the redacted versions of the Opposition to Seal, the Transcript, and two

Exhibits on December 4, 2020. Dkt. 75. Neither party contests the timeliness of this Motion. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading state, a motion to intervene is timely."); *People for Ethical Treatment of Animals, Inc. v. Stein*, 2019 WL 9662884, at *2 (M.D.N.C. May 14, 2019) (same).

Moreover, the Team filed this motion promptly after learning that its interests were impacted by Ms. Wilkinson's filings. In fact, upon learning that Ms. Wilkinson publicly filed certain documents, the Team contacted the parties to express the Team's intention to intervene in this proceeding. As a result, the motion to intervene is timely. *See United States v. Virginia*, 282 F.R.D. at 405.

> **2.    *The Team Has a "Direct and Substantial Interest" in this Action, Which Would Be Significantly Impaired if the Court Does not Permit Them to Intervene in this Action***

The Team has a direct and substantial interest in this action. Federal courts around the country have held that intervenors have a cognizable legal interest in preserving confidentiality of their records and transactions. *E.g.*, *In re Sealed Case*, 237 F.3d 657, 663-64 (D.C. Cir. 2001) (holding that intervenors "have a legally cognizable interest in maintaining the confidentiality of the documents [a party] seeks to disclose in the public record"); *Yorkshire v. I.R.S.*, 26 F.3d 942, 945 (9th Cir. 1994) ("[Intervenor's] interest in the confidentiality of its own tax returns is a sufficient interest for intervention as of right."); *Am. Oversight, Inc. v. U.S. Dep't of Health & Human Servs.*, 2018 WL 4381099, at *3 (D.D.C. Aug. 3, 2018) (allowing committee to intervene based on its "interest in preserving the confidentiality of its documents, which would otherwise be impaired by disposing of the action"). Courts have similarly held that "[c]olorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right." *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001); *accord In re Grand Jury*

*Matter*, 735 F.2d 1330, 1331 (11th Cir. 1984); *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980); *Hill v. Exxon Mobil Corp.*, 2013 WL 12230881, at *2 (E.D. La. Feb. 6, 2013).

In this case, therefore, the Team has a legally protected interest in preserving its privileged communications, and the confidentiality of at least certain of its documents. For the same reasons, the Team's interest would be harmed by disclosure of these privileged and confidential materials. Failure of the existing parties to protect those interests threatens the potential disclosure of privileged communications, including attorney-client communications, and the contents of other confidential documents. As a result, the Team has a sufficient interest in this Action to intervene. *See In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991); *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

Finally, the Team's interests would be significantly impaired if the Court does not permit it to intervene in this action. "The focus of th[is] requirement is on whether the proposed intervenor would suffer a '*practical* disadvantage or impediment' if not permitted to intervene." *N. State Conf. of NAACP v. Berger*, 970 F.3d 489, 504 (4th Cir.), *reh'g en banc granted*, 825 F. App'x 122 (4th Cir. 2020) (quoting *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 121 (4th Cir. 1981)). Here, absent intervening in this action, the Team is unable to exercise its rights to move the Court to have appropriate information remain sealed.

### 3. *Mr. Donovan and Ms. Wilkinson Do Not Adequately Represent the Team's Interests*

On a motion to intervene, the movant's burden to demonstrate a lack of adequate representation "should be treated as minimal." *Teague*, 931 F.2d at 262 (*citing Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). Here, the original parties cannot adequately protect the Team's interests. Ms. Wilkinson does not represent the Team in this action and does

not possess the Team's information about what it views as protected. Likewise, Mr. Donovan is a former employee of the Team who has voluntarily dismissed the Complaint, and is therefore not in a position adequately to protect the Team's interests. In fact, public filings show that Mr. Donovan even told the Court that it lacks jurisdiction to hear any further motions from the parties, including a motion to unseal certain papers. Dkt. No. 67. Accordingly, neither Ms. Wilkinson nor Mr. Donovan can adequately represent the Team's interests in this action. In sum, the motion to intervene should be granted because it was timely filed, the Team has a direct and substantial interest in this action, and the Team would be prejudiced if the Court does not permit it to intervene.

### B. In the Alternative, the Court Should Permit the Team to Intervene under Rule 24(b)(1)(B)

If the Court determines that the Team may not intervene in this Action as of right, the Court should nevertheless exercise its discretion to permit it to intervene under Rule 24(b)(1)(B). "Assuming that a motion to intervene is timely, the Court's 'decision whether to grant permissive intervention is a matter within [its] sound discretion,'" *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 557 (E.D. Va. 2018) ) (quoting *In re Rivada Networks*, 230 F. Supp. 3d 467, 472 (E.D. Va. 2017)), but "liberal intervention is desirable to dispose of as much of the controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.*; *accord United States v. North Carolina*, No. 16-cv-425, 2016 WL 7335627, at *2 (M.D.N.C. Dec. 16, 2016) ("Trial courts are directed to construe Rule 24 liberally to allow intervention, where appropriate."). "[W]here a movant seeks permissive intervention, the movant must satisfy three requirements: (1) the motion is timely; (2) the existence of a shared question of law or fact in common with the main action; and (3) no undue delay or prejudice to the existing parties will result from the intervention." *North Carolina*, 2016 WL 7335627, at *2.

For the reasons set forth above, the motion is timely, it addresses a shared question of law

with the remaining live issues in this case (*i.e.*, whether portions of the documents filed by the parties pursuant to Magistrate Judge Davis's November 25, 2020 Order should be kept under seal), and there is no prejudice resulting from the Team's motion, which comes within days after certain documents were submitted to the Clerk's Office.  Indeed, the parties have consented to intervention by the Team.  Accordingly, the Court should, in the alternative, permit the Team to intervene under Rule 24(b)(1)(B).

First, as set forth in detail above, the motion to intervene is timely.  *See supra* Part I(A)(1).

Second, a common question of law or fact exists, as the Team's purpose in seeking to intervene is for the narrow and tailored goals of protecting its own privilege and confidentiality interets.  Thus, the Team satisfies the second element for permissive intervention.  *See Intercept Youth Serv., Inc. v. Key Risk Ins. Co., Inc.*, 2019 WL 1810988, at *2 (E.D. Va. Apr. 24, 2019) (party with common interests in underlying policies properly allowed to intervene); *Penn-Am. Ins. Co. v. White Pines, Inc.*, 2019 WL 418859, at *3 (E.D. Va. Feb. 1, 2019).

Finally, the Team's intervention in this dispute would not prejudice or otherwise disrupt this action.  The Team's motion is made for the narrow and targeted purpose of seeking to keep under seal information in which the Team asserts a protected interest.  This case remains in its procedural infancy, especially with regards to confidentiality. Judge Trenga only referred this case to Magistrate Judge Davis to address standards for redactions and unsealing of filings on November 17th, and Magistrate Judge Davis entered his order on November 25th. No ruling has been entered on the parties' November 25th briefing regarding jurisdiction and mootness. *See Intercept Youth Servs., Inc.*, 2019 WL 1810988, at *2 (discussing timeliness and lack of final ruling as factors favoring intervention); *Penn-Am. Ins. Co.,* 2019 WL 418859, at *3 (similar). Accordingly, allowing the Team to intervene for this limited purpose would not cause any prejudice or otherwise


disrupt the proceedings that are, for all intents and purposes, already resolved aside from this narrow issue.

Thus, for the foregoing reasons, the Team has satisfied its burden to show it should be allowed to intervene in this action pursuant to Fed. R. Civ. P. 24(a) and/or (b).

## CONCLUSION AND PROPOSED PROCEDURE

For the reasons set forth above, the Team's motion to intervene should be granted pursuant to Rule 24(a)(2) or, in the alternative, under Rule 24(b)(1)(A), and that any previously sealed materials filed on December 4, 2020, and all other docket entries already under seal, should not be placed on the public docket until this Court rules on the parties' and intervenor's submissions as to the appropriate redactions.

Should the Court grant the motion to intervene, the Parties and the intervenor have agreed to promptly meet and confer and work cooperatively to agree-upon redactions, with any disputes on which the parties cannot agree to be brought back before this Court on appropriate notice.

The Parties and the Intervenor have agreed that no party hereto will file or seek to have docketed any previously sealed document or information without the consent of all the parties, or without further order of this Court upon appropriate notice.

The Parties and the Team shall submit the marked up documents referenced above to the Court, under seal and in compliance with the local rules, by December 17, 2020.

Dated: December 9, 2020  
Washington, D.C.

**DECHERT LLP**

By: */s/ Christina Guerola Sarchio*  
Christina Guerola Sarchio  
VA Bar No. 87166  
1900 K Street NW  
Washington, D.C. 20006  
Phone: (202) 261-3300  
Fax: (212) 261-3333  
christina.sarchio@dechert.com

Andrew J. Levander (*pro hac vice* to be submitted)
Neil A. Steiner (*pro hac vice* to be submitted)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Fax: (212) 698-3599
andrew.levander@dechert.com
neil.steiner@dechert.com

*Attorneys for Proposed Intervenor Pro-Football Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF PRO-FOOTBALL INC.'S MOTION ON CONSENT OF ALL PARTIES TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.


December 9, 2020                    */s/ Christina Guerola Sarchio*
Washington, D.C.                    Christina Guerola Sarchio