UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DAVID P. DONOVAN**<br><br>*Plaintiff*,<br><br>v.<br><br>**BETH A. WILKINSON**<br><br>*Defendant.* | Civil Action No. 1:20-cv-01344-AJT-IDD |

**PROPOSED ORDER**

This matter comes before the Court on Pro-Football Inc.'s, d/b/a the Washington Football Team (the "Team"), Consent Motion to Intervene (the "Motion"). Having considered the Motion and its supporting memoranda, the Court finds as follows:

1. The Team is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a). The Team has a legally protected interest in preserving the privilege and confidentiality of its records and communications. In this case, the Team has colorable claims that the parties' filings contain the Team's privileged and confidential information and that those rights would be impaired if the documents are unsealed on the public docket. Neither the Plaintiff nor the Defendant adequately represent the Team's interests.

2. In the alternative, the Team should also be permitted to intervene under Federal Rule of Civil Procedure 24(b)(1)(B). The Team's claims of privilege and confidentiality raise common issues of law or fact with the arguments the Plaintiff and Defendant have raised regarding the extent to which the filings in this case should be sealed or redacted.

3. Both mandatory and permissive intervention require that the intervenor's motion be timely. Fed. R. Civ. P. 24(b)(1) (permissive intervention); *Houston Gen. Ins. Co. v. Moore*, 193

F.3d 838, 839 (4th Cir. 1999) (intervention as-of-right). The Team's motion is timely. This action was only recently commenced and has not progressed past the preliminary stages. To date, the Defendant has not submitted an answer, no Case Management Order has been entered, discovery has not been served, and, the Court has not held a hearing on the Plaintiff's motion for a preliminary injunction. *See Gould v. Alleco, Inc*., 883 F.2d 281, 286 (4th Cir. 1989); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading state, a motion to intervene is timely.").

4. As required by Rule 24(b)(3), the Team's intervention would also not unduly delay or prejudice the adjudication of the original parties' rights. The merits of this case have already been resolved, including by the Plaintiff's voluntary dismissal. The only outstanding issues concern questions of confidentiality. Thus, the Team's intervention would not cause any prejudice or otherwise disrupt the proceedings that are, for all intents and purposes, already resolved aside from this narrow issue.

5. Finally, given the Team's right to intervene in this case, revelation of any potentially confidential and/or privileged documents before the Team has had an opportunity to review those documents and move to seal them would irreparably harm that interest. Therefore, the Defendant's December 4, 2020 filing should not be made public until this Court rules on the parties' and intervenor's motions and proposed redactions.

For the foregoing reasons, and for good cause shown, it is hereby **ORDERED** that:

(1) Pro-Football Inc.'s Consent Motion to Intervene is **GRANTED**.

(2) The Clerk's Office shall not place on the public docket the redacted materials Defendant filed with the Court on Friday, December 4, 2020 in hard copy until instructed to do so by an additional order of this Court.

(3) The Parties and the Team shall promptly meet and confer and work together in good faith to submit agreed-upon proposed redactions to the documents currently under seal. Any disputes on which the parties cannot agree may be brought back before this Court on appropriate notice.

(4) Neither the Parties nor the Team will file or seek to have docketed any previously sealed document or information without the consent of all the parties, or without further order of this Court upon appropriate notice.

(5) The Parties and the Team shall submit the marked-up documents referenced above to the Court, under seal and in compliance with the local rules, by December 17, 2020.

Dated this  9th  day of December, 2020.

/s/ Ivan D. Davis
U.S. Magistrate Judge