# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| DAVID P. DONOVAN<br><br>Plaintiff,<br><br>v.<br><br>BETH A. WILKINSON<br><br>Defendant,<br><br>PRO-FOOTBALL, INC.<br><br>Intervenor. | Civil Action No. 1:20-cv-01344 (AJT/IDD) |

## INTERVENOR PRO-FOOTBALL, INC.'S NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS CONSENT MOTION TO FILE UNDER SEAL

Intervenor Pro Football Inc., d/b/a the Washington Football Team (the "Team"), pursuant to Local Civil Rule 5(C) and (F) and this Court's November 25, 2020 Order (the "Order), respectfully submits this Non-Confidential Memorandum in Support of its Consent Motion to File Under Seal its Motion to Seal, Strike, and Reconsider in Part, the Memorandum of Law in Support, the accompanying Declaration of Christina Sarchio, and exhibits thereto under seal (collectively, the "Motion").

### I.     FACTUAL BACKGROUND

David P. Donovan and Beth A. Wilkinson (together, "the Parties") have filed numerous motions, briefs, and exhibits that contained or referenced the Team's privileged, private and/or confidential information. On November 13, 2020, Plaintiff Donovan moved to seal the entire case. Dkt. 24. The Court issued an order on November 17, 2020, denying Donovan's motion to seal the entire case and held that "there may be subject matter, facts, allegations or references that would

justify redactions from the public." Dkt. 32 at 4.

After additional briefing and a hearing, U.S. District Court Magistrate Judge Ivan D. Davis subsequently ordered on November 25, 2020, (the "Order") that certain information, including "information protected by attorney-client privilege" should be redacted from "all filings by either party." Dkt. 68 at 1-2. The Order also ruled on specific proposed redactions made by the Parties to several documents and it directed the parties to "revise the documents" and "incorporate the redactions" subject to the Order. *Id.* at 3.

On December 9, 2020, the Team moved to intervene in the case for the sole purpose of asserting its privilege, confidentiality, and privacy rights with regard to the Parties' filings. Dkt. 79. The Court granted the Team's motion and ordered the Parties and the Team to "meet and confer … to submit agreed-upon redactions to the documents currently under seal," with disputed redactions to be resolved by the Court. Dkt. 84 at 3 ¶ (3).

The Team also simultaneously submits its Motion for the Court to reconsider the Order because the Court did not have the benefit of the Team's position when it considered the Parties numerous motions, briefs, and exhibits that contained or referenced the Team's information. The Court should seal the Motion because it contains references to: (1) protected communications between and among its counsel; (2) protected communications between the Team and the NFL; (3) attorney work product; (4) confidential agreements; and (5) incomplete references to unproven allegations.

## II. LEGAL STANDARD

A trial court is empowered to "seal documents if the public's right of access is outweighed by competing interests." *In Re: Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984). "The public's right to access judicial records stems from two [] sources: the common law and the First

Amendment to the United States Constitution." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, No. 2:17-CV-503-HCM, 2020 WL 973751, at *13 (E.D. Va. Feb. 7, 2020) (citing *Level 3 Comm's LLC v. Limelight Networks. Inc.*, 611 F. Supp. 2d 572, 577-78 (E.D. Va. 2009)). Under the common law, the presumption that judicial records should be public "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "[T]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* (internal quotation marks omitted).

The First Amendment applies only to matters that "substantively resolve" the case. *Rushford*, 846 F.2d at 252. Since "the First Amendment standards afford greater substantive protection to the public's right to access, satisfying the First Amendment standards also necessarily satisfies the relevant common law standards." *Adams v. Object Innovation, Inc.*, No. 3:11-CV-272 (REP/DWD), 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) (citing *Ashcraft v. Conoco. Inc.,* 218 F.3d 288, 302 (4th Cir. 2000)). Further, in order to rebut the qualified First Amendment presumption of access, there must be "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside C*ty., 464 U.S. 501, 502 (1984). Lastly, "[b]efore [the] court may seal [] documents, . . . it must [] provide public notice of the request to seal . . . consider less drastic alternatives . . . and [] provide specific reasons and factual findings to support[] its decision." *Ashcraft,* 218 F.3d at 302.

Documents "filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d

3

747, 755 (E.D. Va. 2018). For instance, "discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, are subject to the right of access because summary judgment adjudicates substantive rights." Conversely, "documents not considered by the court but filed with a motion to dismiss are not subject to the right because those documents do not play any role in the adjudicative process." *Id.*

### III. THE COURT SHOULD SEAL THE MOTION

The public's right of access to the Motion is outweighed by competing interests. The Motion references the Team's private, privileged, and confidential information contained in the Parties numerous motions, briefs, and exhibits. Specifically, the Court should seal the Motion because it contains references to: (1) protected communications between and among its counsel; (2) protected communications between the Team and the NFL; (3) attorney work product; (4) confidential agreements; and (5) incomplete references to scandalous and unproven allegations.

A claim of privilege justifies the sealing of documents including attorney-client privilege, work-product doctrine, and the common interest doctrine. *See e.g*, *Brewer v. Maynard*, No. 2:02-CV-48, 2006 WL 7131975, at *7 (S.D. W. Va. Dec. 6, 2006) ("the client may prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client."); *Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 416CV00187MSDLRL, 2017 WL 9481051, at *2 (E.D. Va. Dec. 22, 2017) (The Court directed specified Exhibits to be filed under seal that contained prejudicial non-public information in which Plaintiff and Insurers shared a common interest). Additionally, a fundamental purpose of the work-product doctrine is to ensure a client is protected by permitting attorneys the "freedom to express and record [their] mental impressions and opinions without fear of having these impressions and opinions used against the client." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th

Cir. 1999). Accordingly, the work-product references should be sealed because disclosure these references would run afoul of the purpose of the work-product doctrine.

Courts in the Fourth Circuit have also identified unwarranted media attention for the purpose of promoting public scandal as justification for sealing of documents. *See, e.g., Under Seal v. Under Seal,* 326 F.3d 479, 485-86 (4th Cir. 2003) (An exception to public access is "where disclosure may be used to gratify private spite or promote public scandal"). Since the Team has filed its Motion to Intervene, this case has received a great deal of media attention.[1]

Lastly, as an Intervenor, the Team neither brought this action nor did it have any opportunity to defend or weigh in on documents whose public right to access is pale in comparison to the Team's competing interest. *See, e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)(Court stated that the Intervenor was "never given a reasonable opportunity to object to the entry of the order" and that the "arguments raised before [the] court by the intervenors pose[d] serious questions regarding the extent of the competing interests at stake in th[e] case.").

## IV. CONCLUSION

For the foregoing reasons, the Team prays this Court for leave to file its Motion under seal and for the entry of an order sealing the Motion.

| | |
|---|---|
| Dated: December 17, 2020<br>Washington, D.C. | **DECHERT LLP**<br><br>By: s/ *Christina Guerola Sarchio*<br>Christina Guerola Sarchio<br>Bar No. 87166<br>1900 K Street NW |

---

[1] Zachary Zagger, *DC NFL Team Brings In Dechert In Wilkinson Suit*, LAW360 (Dec. 9, 2020), https://www.law360.com/articles/1336089.

Washington, D.C. 20006
Phone: (202) 261-3300
Fax: (212) 261-3333
christina.sarchio@dechert.com

Andrew J. Levander (*admitted pro hac vice*)
Neil A. Steiner (a*dmitted pro hac vice)*
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Fax: (212) 698-3599
andrew.levander@dechert.com
neil.steiner@dechert.com


*Attorneys for Proposed Intervenor Pro-Football Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2020, a true and correct copy of the foregoing *Intervenor Pro-Football, Inc.'s Non-Confidential Memorandum in Support of its Consent Motion to File Under Seal* was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Christina Guerola Sarchio*
Christina Guerola Sarchio
