IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN,<br><br>   Plaintiff,<br><br>v.<br><br>BETH A. WILKINSON,<br><br>   Defendant. | Civil Action No. 1:20-cv-1344 |

**DEFENDANT BETH WILKINSON'S MEMORANDUM IN RESPONSE TO INTERVENOR PRO-FOOTBALL, INC.'S MOTION TO STAY AND HALT THE ENTRY OF DOCUMENTS ON THE PUBLIC DOCKET**

Defendant Beth Wilkinson does not object to a brief stay of the posting of all redacted documents to allow Intervenor Pro-Football, Inc. (the "Team") to object to recent redaction rulings by Judge Davis. She is nonetheless compelled to file this response, for three reasons.

*First*, due to the Team's litigious approach, the redaction process has already taken far longer than it should have. We are now in month five of litigating redactions, in a case that lasted all of fourteen days on the merits—from November 9 to November 23, 2020. *See* Dkt. Nos. 1, 63. Ms. Wilkinson did not ask to be sued, and Plaintiff voluntarily dismissed his case rather than exposing it to legitimate scrutiny at a preliminary injunction hearing. *See id.* The Court should deal with the Team's forthcoming objections with dispatch, and any stay should be lifted immediately upon their resolution, without further opportunity for delay. It is inappropriate to use the process of litigating redactions to materially forestall public filings for months on end.

*Second,* Ms. Wilkinson has been more than accommodating of the Team's concerns. She did not oppose the Team's intervention, and did not object to the Team's redaction requests, even when the Team's attorneys launched baseless and false attacks on her in pleadings and at hearings.

1

Judge Davis found those attacks to be irrelevant and ineffective, and told the Team's attorneys that they should thank Ms. Wilkinson's lawyers.  Instead, after Judge Davis reviewed an updated set of jointly-proposed redactions and issued detailed, line-by-line instructions on further material to be unredacted—including some of the Team's attacks on Ms. Wilkinson—the Team sought to apply an entirely different standard to challenge other unredactions ordered by Judge Davis.  That is when Ms. Wilkinson was finally compelled to join issue with the Team.  Judge Davis agreed with Ms. Wilkinson and found no merit to the Team's requests for one-sided redactions that would have prevented her from publicly rebutting the attacks on her and would have concealed even non-identifying references to a key individual and his attorneys who have engineered and supported Plaintiff's lawsuit.

*Third*, as explained in greater detail below, the Team's assessment of the stay factors is not well taken.  Ms. Wilkinson agrees that a stay will preserve the *status quo* pending resolution of the forthcoming objections, and for that reason does not oppose it.  But none of the other factors support a stay.  The Team is not likely to prevail on the merits of its objections.  Judge Davis properly decided the redaction issues and did not come close to committing the clear error that the Team must show on appeal.  The Team's claims of irreparable harm depend on the strength of its appeal, which is exceedingly weak.  Ms. Wilkinson continues to be harmed by protracted litigation over redactions.  And the public interest does not support a stay here.

    **I.**    **Background**

Judge Trenga referred redaction issues to Judge Davis, who issued the first order governing redactions on November 25, 2020, after holding a hearing. Dkt. No. 68.  The Team subsequently intervened, Dkt. No. 84, moved for reconsideration, and submitted a broader set of proposed redactions. Dkt. No. 94.  Judge Davis provided further guidance at a hearing on January 8, 2021

and ordered the parties to submit a new set of proposed redactions. Dkt. No. 147. After the parties did so, Judge Davis issued further instructions calling for more material to be unredacted, this time line-by-line and document-by-document, after reviewing more than 150 pages of filings. He then ordered the parties to upload "properly redacted versions" of various documents. Dkt. No. 165. The Team again chose to challenge his rulings, alleging inconsistencies between his latest instructions and his earlier orders. Dkt. No. 169. Judge Davis denied nearly all the Team's reconsideration requests, granting only those few where Ms. Wilkinson did not challenge the Team's request. Dkt. No. 173. A week later, Judge Davis entered orders directing the Team and Ms. Wilkinson to file their rehearing memoranda on the public record, subject to the same redaction rulings. Dkt. Nos. 174 & 175. The Team has now moved to stay the filing of any redacted documents on the public docket as required by various redaction orders (Dkt. Nos. 165, 173, 174 & 175) while it pursues objections to Judge Trenga.

The Team's recitation of background, Dkt. No. 177 at 2-4, is misleading in several respects. While Ms. Wilkinson did not object to the Team's initial redactions proposal, she never agreed with the Team's "legal arguments in support of sealing." *Id.* at 2. Many of those arguments were baseless attacks on her, which her counsel debunked at a sealed hearing, and which Judge Davis found to be ineffective and irrelevant to the redaction issues. Rather—in a case that was over, and where the Team sought broad redactions as to all parties—Ms. Wilkinson chose not to object the Team's proposal even though she forthrightly acknowledged that much of it went beyond what Judge Davis had ordered. Then, after Judge Davis rejected the Team's proposal, reviewed a new set of jointly-proposed redactions, and issued line-by-line instructions on what else to unredact, Ms. Wilkinson refused to go along with a self-serving reconsideration request by the Team. Ms. Wilkinson never changed her position on redactions, *cf*. Dkt. No. 177 at 4, but simply argued that

3

whatever standard Judge Davis applied had to apply equally to statements about her and about others, and explained why the Team's claims of privilege and work product were baseless as applied to the passages in question. Dkt. 172. Judge Davis agreed. Dkt. 173.

## II. Discussion

The Court considers four factors when presented with a motion for a stay pending appeal of a Magistrate Judge's order: (1) whether the applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties interested in the proceeding; and (4) whether a stay is in the public interest. *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 (JCC), 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009). Most of these factors argue against a stay here. And none of them support a prolonged stay for a prolonged objection process before Judge Trenga.

### A. Likelihood of Success on the Merits

The Team's memorandum ignores two critical factors that speak to the low likelihood of success: the applicable standard of review, and Judge Davis's ruling to be reviewed. Both make clear that the Team faces a steep uphill climb.

Because the redaction orders were "not dispositive of a party's claim or defense," Judge Trenga will apply a deferential standard of review to Judge Davis's rulings. Fed. R. Civ. P. 72(a). The Team must show that the redaction rulings were "clearly erroneous" or "contrary to law" in order to prevail. *Id.*; *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, No. 2:09CV555, 2010 WL 11450510, at *3 (E.D. Va. Apr. 22, 2010). This standard of review "plainly presents a high legal hurdle." *Id.* As this Court has recognized, "altering a magistrate's non-dispositive orders" is "extremely difficult to justify." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va.

4

2008) (quoting 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997)).

The Team does not point to any clear error in Judge Davis's rulings. Instead, it merely repeats its already-rejected assertions, claiming that "a small number of terms and phrases" that the Court has ruled cannot be redacted "fall within the same general categories" as material that can properly be sealed, such as information protected by the privilege or the work-product doctrine. Dkt. No. 177 at 6. Judge Davis and Ms. Wilkinson have already pointed out the errors in the Team's reasoning. For the attorney-client privilege to apply, a "communication must be for the purpose of seeking legal advice." *In re Zetia (Ezetimibe) Antitrust Litig.*, E.D. Va. No. 2:18MD2836, 2019 WL 6122012, at *2 (E.D. Va. July 16, 2019). As Judge Davis properly recognized, "general descriptions of a third party's waiver decision and communications about that decision are not protected by attorney-client privilege and are therefore not redactable." Dkt. No. 173 at 1-2. And Ms. Wilkinson's mental impressions are not redactable where, as here, "they are impressions and opinions formed by the Defendant for the purpose of defending herself in the current litigation." *Id.* at 2. The motion does not, and the Team cannot, show that Judge Davis's rulings were clearly erroneous or contrary to law.

### B. Irreparable Harm

The second factor, whether the Team will suffer irreparable harm in the absence of a stay, "turns largely on whether" the Team is entitled to the additional redactions it seeks. *See Digital-Vending Servs. Int'l*, 2010 WL 11450510, at *4. For material that would properly be made available on the public docket under Judge Davis's orders, the denial of a stay would cause "no potential for harm, let alone irreparable harm," since the Team is not entitled to keep that material under seal. *Id.* The only way the Team would potentially be harmed is if Judge Davis's orders

5

erroneously required material to be publicly released that must be redacted for legally-cognizable reasons.  That is not the case for any of the passages in question in the Team's unsuccessful motion for reconsideration.

Moreover, the Team will not face any surprise filing of unredacted documents on the public docket in the absence of a stay.  Immediately after Judge Davis issued his April 6 order, counsel for the Team and the parties agreed that neither side would file redacted documents publicly without giving the other participants a chance to ensure that the redactions accord with Judge Davis's instructions.  The only harm the Team would suffer as a result of a denial of stay is material entering the public record that Judge Davis has unambiguously ordered to be unsealed.  While Ms. Wilkinson recognized the Team's desire to maintain the *status quo* pending the resolution of its objections, that does not support an extended stay or protracted litigation on the objections. Instead, any stay should be limited to the bare minimum required to brief and resolve the Team's objections, considering the standard of review and the Team's low likelihood of success.

### C.   Harm to Other Parties

The Team's motion ignores that Ms. Wilkinson has an interest in this case coming to a definite conclusion.  No one, particularly an attorney with a public reputation, wants to be a defendant in a case in federal court.  That is true even where, as here, Plaintiff voluntarily dismissed his case.  The Team's assertion that granting a stay will not "prejudice resolution [of] the case" makes little sense.  Dkt. No. 177 at 9.  As the Team recognized, the case itself is over, and the parties have already "engaged in a months-long review process" after the dismissal on November 23, 2020.  *Id.*  Since then, the proceedings have been about what should be unsealed and put on the public record.  Instead of materially advancing the redactions issues, many of the Team's filings and oral arguments have littered the docket with invectives that had to subsequently be

reviewed for potential redactions.  And the documents that are the subject of two of the Orders that the Team seeks to stay—Dkt. Nos. 174 and 175—are memoranda prompted by *the Team's* request for Judge Davis to yet again reconsider his rulings.  Looking forward, after the Team files its objections to Judge Trenga (presumably under seal), and Ms. Wilkinson responds (presumably under seal), the Team will seek additional delays so that it can litigate the proper redactions about *those* filings.  And so on, *ad infinitum*.  Having been dragged into this matter as a defendant—a status that she held only for two weeks—Ms. Wilkinson has a strong interest in finality and in the conclusion of these proceedings.

### D.     Public Interest

The public interest lies in making the filings in this case available with such redactions as are necessary to protect legitimate and legally-cognizable confidences.  "It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings."  *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)  "[T]he operation of the court system is a matter of 'utmost public concern." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 574-75 (4th Cir. 2004) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)).  Ms. Wilkinson does not dispute that the presumption of access may be rebutted "if countervailing interests heavily outweigh the public interests in access" in specific circumstances.  *Id.*  But Judge Davis issues careful and well-reasoned rulings on redactions, and Ms. Wilkinson does not object to any of them—even when they go to passages attacking her—so long as the rules are applied fairly and equally to all.  And to the extent Judge Trenga does consider modifying any of Judge Davis's redactions orders, it is unlikely that the modifications would redact *more* content as the Team is hoping.  The public interest is therefore not served by a stay.

### III. Conclusion

Ms. Wilkinson does not object to a brief stay but asks the Court to deal with the Team's objections with dispatch and to bring this protracted redaction process to an end.

Dated: April 16, 2021

Respectfully submitted,

Beth Wilkinson

By: */s/ Thomas G. Connolly*
Thomas G. Connolly (VA Bar No. 29164)
Thomas B. Mason (*pro hac vice*)
Jared Paul Marx (VA Bar No. 91213)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street NW, 8th Floor
Telephone: (202) 730-1300
Fax: (202) 730-1301
tconnolly@hwglaw.com
tmason@hwglaw.com
jmarx@hwglaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused a true copy of this document to be served via ECF on all parties.

Dated: April 16, 2021            <u>*/s/ Thomas G. Connolly*</u>
                                                Thomas G. Connolly