IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN, <br><br> Plaintiff, <br><br> v. <br><br> BETH A. WILKINSON, <br><br> Defendant. | Civil Action No. 1:20-cv-1344 |

**BETH WILKINSON'S REQUEST FOR EXPEDITED BRIEFING AND HEARING ON INTERVENOR'S OBJECTIONS BEFORE JUDGE TRENGA**

Two days after filing its objections to Judge Davis's redaction rulings, Intervenor Pro-Football, Inc. (the "Team") has noticed its objections for a hearing on June 2. The numerous counsel for the Team and Mr. Donovan have also represented that, if the objections are briefed on the regular schedule—resulting in briefing that could last into the second week of May—they will not be able to attend a hearing until that date.

There is no basis for such protracted proceedings here. Ms. Wilkinson did not object to a brief stay that allowed most of the docket in this case to remain sealed while the Court considers the Team's objections. But the parties have already briefed these same issues before Judge Davis and do not need substantial time to reprise their arguments to Judge Trenga. Judge Davis has ruled on multiple occasions that the passages in question should be unsealed, and the Team will be hard pressed to show clear error in his rulings. And Ms. Wilkinson is scheduled to begin a major, two-month trial in another matter in early June.

Moreover, April is already month *five* of litigating redactions in this case, which lasted all of fourteen days on the merits—from November 9 to November 23, 2020—before the suit was

1

voluntarily dismissed. *See* Dkt. Nos. 1, 63. There is no good reason to let redaction litigation drag into months six, seven, or beyond. Therefore, Ms. Wilkinson requests an expedited briefing schedule, such that: (1) responses to the Team's objections are due by Tuesday, April 27, 2021 (seven days from Tuesday's objections filings); (2) any reply from the Team is due by Friday, April 30, 2021 (three days after the responses); and (3) if a hearing is scheduled on the objections, that it be held the first week of May or as soon as practicable thereafter.

## I.     Background

Judge Trenga referred all redactions to Judge Davis, who issued the first order governing them on November 25, 2020 after holding a hearing. Dkt. No. 68. The Team intervened, Dkt. No. 84, moved for reconsideration, and submitted a broader set of proposed redactions. Dkt. No. 94. Judge Davis provided further guidance at another hearing on January 8, 2021 and ordered the parties to submit a new set of proposed redactions. Dkt. No. 147. After the parties did so, Judge Davis issued further instructions calling for more material to be unredacted, this time line-by-line and document-by-document, after reviewing more than 150 pages of filings. Dkt. No. 165. The Team again chose to challenge his rulings. Dkt. No. 169. Judge Davis denied nearly all the Team's reconsideration requests, granting only those few where Ms. Wilkinson agreed with the Team's request. Dkt. No. 173. A week later, Judge Davis ordered the Team and Ms. Wilkinson to file their rehearing memoranda on the public record, subject to the same redaction rulings. Dkt. Nos. 174 & 175. The Team instead moved to stay the filing of all redacted documents. Dkt 176. Judge Davis granted a stay after no party objected. Dkt. Nos. 185-187.

## II.    Discussion

Because litigation over redactions has already resulted in prolonged sealing of information that Judge Davis has ruled should be made public, the same factors governing a stay of his orders

should inform the schedule here. Those factors are: (1) whether the applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties interested in the proceeding; and (4) whether a stay is in the public interest. *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 (JCC), 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009). All those factors counsel for the schedule proposed by Ms. Wilkinson.

*Likelihood of Success.* Because the redaction orders were "not dispositive of a party's claim or defense," a deferential standard of review applies to Judge Davis's rulings. Fed. R. Civ. P. 72(a). The Team must show that the redaction rulings were "clearly erroneous" or "contrary to law" in order to prevail. *Id.*; *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, No. 2:09CV555, 2010 WL 11450510, at *3 (E.D. Va. Apr. 22, 2010). This "plainly presents a high legal hurdle." *Id.* "[A]ltering a magistrate's non-dispositive orders" is "extremely difficult to justify." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008) (quoting 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997)).

The Team has not come close to showing a clear error in Judge Davis's rulings. While this pleading is not the proper place for Ms. Wilkinson to address the merits of the Team's objections, Judge Davis has already pointed out the core issues with the Team's reasoning. For the attorney-client privilege to apply, a "communication must be for the purpose of seeking legal advice." *In re Zetia (Ezetimibe) Antitrust Litig.*, E.D. Va. No. 2:18MD2836, 2019 WL 6122012, at *2 (E.D. Va. July 16, 2019). "[G]eneral descriptions of a third party's waiver decision and communications about that decision are not protected by attorney-client privilege and are therefore not redactable." Dkt. No. 173 at 1-2. And Ms. Wilkinson's mental impressions are not redactable where, as here, "they are impressions and opinions formed by the Defendant for the purpose of defending herself

3

in the current litigation." *Id.* at 2. Given its low odds of prevailing, the Team should not be allowed use this appeal to delay the posting of documents by another month or more.

*Irreparable Harm.* This factor "turns largely on whether" the Team is entitled to the additional redactions it seeks. *See Digital-Vending Servs. Int'l*, 2010 WL 11450510, at *4. The only potential for harm here is if Judge Davis clearly erred in ordering material to unredacted. Moreover, the Team will not face any harm—let alone irreparable harm—in having its objections briefed and decided promptly. The objections concern 9 passages that have already been briefed before Judge Davis. The Team has waited the full fourteen days under the local rules to file its objections. There is no reason to extend the remaining briefing or any hearing past early May.

*Harm to Other Parties.* Ms. Wilkinson has an interest in the redactions process end. Having been dragged into this matter as a defendant—a status that she held only for two weeks—Ms. Wilkinson has a strong interest in the conclusion of these proceedings. She also has a major, two-month trial beginning in early June, and has a substantial interest in not having the redaction litigation interfere with her trial preparation. In addition, based on past practice, Ms. Wilkinson fears that the Team may use the objections filings themselves as a basis for further delay. The documents in question in two of the stayed orders—Dkt. Nos. 174 and 175—are memoranda prompted by *the Team's* request for Judge Davis to reconsider his rulings. Now that the Team has filed its memorandum in support of its objections under seal, and further briefing will also presumably be done under seal, the Team will likely seek additional delay so that it can litigate appropriate redactions about the objections *filings* even if it loses the objections. This is all the more reason for the Court to resolve the objections promptly.

*The Public Interest.* This factor is not served by a process that maintains large portions of the case docket under temporary seal for another month or more.

4

### III. Conclusion

Ms. Wilkinson respectfully requests that responses to the Team's objections be due by April 27, 2021, that any reply from the Team be due by April 30, 2021, and—if a hearing is scheduled—that it be held the first week of May or as soon as practicable thereafter.

Dated: April 22, 2021

Respectfully submitted,

Beth Wilkinson

By: */s/ Thomas G. Connolly*
Thomas G. Connolly (VA Bar No. 29164)
Thomas B. Mason (*pro hac vice*)
Jared Paul Marx (VA Bar No. 91213)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street NW, 8th Floor
Telephone: (202) 730-1300
Fax: (202) 730-1301
tconnolly@hwglaw.com
tmason@hwglaw.com
jmarx@hwglaw.com

*Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant Beth Wilkinson has conferred with Intervenor's counsel on this motion, and Intervenor's counsel has indicated that it does not consent to the motion.

Dated: April 22, 2021                         <u>/s/ Thomas G. Connolly</u>
                                              Thomas G. Connolly

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused a true copy of this document to be served via ECF on all parties.

Dated:  April 22, 2021             */s/ Thomas G. Connolly*
                                         Thomas G. Connolly