IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN<br><br>Plaintiff,<br><br>v.<br><br>BETH A. WILKINSON<br><br>Defendant,<br><br>PRO-FOOTBALL, INC.<br><br>Intervenor. | Civil Action No. 1:20-cv-01344 (AJT/IDD) |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL
PLAINTIFF'S RESPONSE IN SUPPORT OF THE INTERVENOR'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS ON SEALING**

Plaintiff David P. Donovan ("Plaintiff"), pursuant to Local Civil Rule 5(C), respectfully submits this Non-Confidential Memorandum in Support of his Consent Motion to File Under Seal his Response in Support of Intervenor's Objections to the Magistrate Judge's Orders on Sealing Orders ("Response"). Defendant Beth Wilkinson ("Defendant") and Intervenor Pro-Football, Inc., d/b/a the Washington Football (the "Team") consent to Plaintiff's under seal filing with respect to the Response.

**I.    BACKGROUND**

Various motions, briefs, and exhibits in this case contain or reference privileged, private and/or confidential information. On November 13, 2020, Plaintiff moved to seal the entire case. ECF 24. The Court issued an order on November 17, 2020, denying the motion to seal the entire case but recognizing that "there may be subject matter, facts, allegations or references that would

justify redactions from the public." ECF 32 at 4.  As a result, the Court directed Plaintiff and Defendant "to present expeditiously any such issues to Magistrate Judge Davis." *Id*.

After additional briefing and a hearing, the Magistrate Judge subsequently issued an order on November 25, 2020 (the "Sealing Order") directing that certain information, including "information protected by attorney-client privilege" should be redacted from "all filings by either party." ECF 68 at 1-2.  The Sealing Order also ruled on specific proposed redactions made by Plaintiff and Defendant to several documents and it directed them to "revise the documents" and "incorporate the redactions" subject to the Sealing Order. *Id.* at 3.

On December 9, 2020, the Team moved to intervene in the case to assert its privilege, confidentiality, and privacy rights with regard to the filings.  ECF 79.  The Court granted the Team's motion the same day and ordered Plaintiff, Defendant, and the Team (together, the "Parties") to "meet and confer . . . to submit agreed-upon redactions to the documents currently under seal," with disputed redactions to be resolved by the Court.  ECF 84 at 3 ¶ 3.

On December 17, 2020, the Team filed a Motion to Seal, Strike, and Reconsider in Part the Sealing Order.  ECF 94 (the "Motion to Seal").  Together with that motion, the Team filed proposed redactions of the documents under seal.  *See* ECF 95.  Neither Plaintiff nor Defendant objected to the Motion to Seal or the proposed redactions.[1]  On January 8, 2021, the Magistrate Judge held a closed hearing (via Zoom) on the Team's Motion to Seal, where he provided further instructions on what could and could not be sealed.  ECF 145.  In an order dated January 11, 2021, the Magistrate Judge granted in part and denied in part the Team's Motion to Seal.  ECF

---

[1] Defendant had initially opposed Plaintiff's motion to seal the entire case, but did not file an opposition to the Team's Motion to Seal and informed the Court that she did not object to the Team and Plaintiff's proposed redactions. Defendant has not independently moved to seal any information, but has instead submitted proposed redactions in conjunction with the Team and Plaintiff's proposed redactions.

2

147. The order directed the Parties to confer and submit a new set of proposed redactions to the sealed filings based on the Magistrate Judge's guidance from the January 8th and the Sealing Order. *Id.* The Parties subsequently conferred and submitted new proposed redactions for the Magistrate Judge's review. *See* ECF 154, 154-1. The Magistrate Judge gave additional feedback on unsealing, and these documents were revised yet again based on those instructions.

On March 10, 2021, the Magistrate Judge provided final feedback on the proposed redactions and directed the Parties to update the documents by March 17, 2021. On March 16, 2021, the Magistrate Judge issued an order requiring the Parties to follow the Clerk's procedures and upload directly to the docket "properly redacted versions" of several documents "pursuant to" his prior rulings. ECF 165. The Parties worked through the documents in light of these instructions, but in doing so the Team identified certain instructions that seemed inconsistent with the Magistrate Judge's prior guidance and contrary to the law. After the Team informed the Magistrate Judge of these inconsistencies, the Court instructed the Parties to submit memoranda regarding the disputed redactions and identifying examples of the inconsistencies.

On March 24, 2021, the Team submitted the requested memorandum for *in camera* review, highlighting eleven examples for the Magistrate Judge's reconsideration with legal and factual reasons in support. On March 31, 2021, Defendant submitted a memorandum in response, opposing the Team's request in part. On April 5, 2021, at the Magistrate Judge's direction, the Parties filed their respective memoranda on the docket as a motion for reconsideration and opposition thereto, under seal pursuant to Local Rule 5. *See* ECF 166-172.

On April 6, 2021, the Magistrate Judge granted in part and denied in part the Team's motion for reconsideration. *See* ECF 173. Thereafter, the Team filed its Objections, and Plaintiff filed his Response.

## II.   LEGAL STANDARD

A trial court is empowered to "seal documents if the public's right of access is outweighed by competing interests." *In Re: Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984). "The public's right to access judicial records" stems from two . . . sources: the common law and the First Amendment to the United States Constitution." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, 2020 WL 973751, at *13 (E.D. Va. Feb. 7, 2020) (citing *Level 3 Comm's LLC v. Limelight Networks. Inc.*, 611 F. Supp. 2d 572, 577-78 (E.D. Va. 2009)). Under the common law standard, which applies to this non-dispositive filing, the presumption that judicial records should be public is "rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "[T]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* (internal quotation marks omitted).

Documents "filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 755 (E.D. Va. 2018). For instance, "discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, are subject to the right of access because summary judgment adjudicates substantive rights." Conversely, "documents not considered by the court but filed with a motion to dismiss are not subject to the right because those documents do not play any role in the adjudicative process." *Id.*; *see also In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623, at *3, 4 (4th Cir. Sept. 13, 1995); *BASF Plant Sci., LP*, 2020 WL 973751, at *15 (even under the First Amendment standard, sealing may be appropriate where "any dispositive relief that was granted does not rely on material that is sealed.").

4

### III. THE RESPONSE MEETS THE STANDARD FOR SEALING

The public's right of access to the Response is outweighed by competing interests. The Response references the private, privileged, and confidential information contained in the Parties' numerous motions, briefs, and exhibits. The Response and the Team's Objections specifically pertain to previous sealing decisions and disputes. Making public the contents of those sealing disputes would leave no meaningful opportunity for Plaintiff or the Team to assert their confidentiality rights. Further, the Response and the Objections deal primarily with collateral questions of sealing, rather than the substantive issues in the litigation. The public has essentially no interest in the intricacies of the sealing arguments themselves.

A claim of privilege justifies the sealing of documents including attorney-client privilege and work-product doctrine. Attorney-client communications are privileged, and that privilege generally warrants sealing. *See, e.g.*, *Brewer v. Maynard*, 2006 WL 7131975, at *7 (S.D. W. Va. Dec. 6, 2006) ("[T]the client may prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client."). Additionally, a fundamental purpose of the work-product doctrine is to ensure a client is protected by permitting attorneys the "freedom to express and record [their] mental impressions and opinions without fear of having these impressions and opinions used against the client." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). Accordingly, the work-product references should be sealed because disclosure of these references would run afoul of the purpose of the work-product doctrine.

The particulars of confidential agreements are also sealable. *See, e.g.*, *Malon v. Franklin Fin. Corp.*, 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014); *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015); *In re Williams*, 2017 WL 6278764, at *4

(Bankr. W.D. Va. Dec. 8, 2017).  Because the Response contains details regarding confidential agreements, they should be sealed in accordance with precedent.

Courts in the Fourth Circuit have also identified unwarranted media attention as justification for sealing of documents.  *See, e.g., Under Seal v. Under Seal,* 326 F.3d 479, 485-86 (4th Cir. 2003) (recognizing an exception to presumption of public access "where disclosure may be used to gratify private spite or promote public scandal").  Since the Team filed its Motion to Intervene, this case has received a great deal of media attention.[2]  Pursuant to the Court's inherent authority, it should strike immaterial or scandalous matter from filings.  *See, e.g.*, *United States v. Rodriguez-Silva*, 2019 WL 1937144, at *9 (M.D.N.C. Apr. 8, 2019), *rpt. & rec. adopted,* 2019 WL 1934036, at *1 (M.D.N.C. May 1, 2019); *Kelly v. FedEx Ground Package Sys., Inc.*, 2011 WL 1584764, at *3 (S.D. W.Va. Apr. 26, 2011).

Filing the Response under seal is the only way to protect these strong privilege, confidentiality and privacy interests.  This is especially so because the Court has already ruled that this type of material should be redacted from the public docket.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to file his Response under seal should be granted and the Court should issue an order sealing the Response.

---

[2]   Zachary Zagger, *DC NFL Team Brings In Dechert In Wilkinson Suit*, LAW360 (Dec. 9, 2020), https://www.law360.com/articles/1336089.

Dated: May 4, 2021                                          Respectfully submitted,

                                                                                         */s/ Cathy A. Hinger*
Cathy A. Hinger (VSB No. 46293)
Lela M. Ames (VSB No. 75932)
Claire J. Rauscher (admitted *pro hac vice*)
WOMBLE BOND DICKINSON (US) LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Telephone: 202-857-4489
Facsimile: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: lela.ames@wbd-us.com
Email: claire.rauscher@wbd-us.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all counsel of record.

*/s/ Cathy A. Hinger*
Cathy A. Hinger, Esq.
