IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID P. DONOVAN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:20cv01344 (AJT/IDD) |
| BETH A. WILKINSON, | |
| Defendant. | |

**AMENDED NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF CONSENT MOTION TO SEAL REPLY MEMORANDUM IN SUPPORT OF INTERVENOR'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SEALING ORDERS**

Intervenor Pro-Football, Inc. d/b/a the Washington Football Team (the "Team" or "Intervenor"), pursuant to Local Civil Rule 5(C), respectfully submits this Non-Confidential Memorandum in Support of its Consent Motion to Seal Reply Memorandum in Support of Intervenor's Objections to the Magistrate Judge's Orders on Sealing. As noted in the motion, the parties consent to the under seal filing of Intervenor's Reply Memorandum in Support of its Objections to the Magistrate Judge's Orders on Sealing (the "Reply Memorandum").

**I.   BACKGROUND**

As the Court is well aware, various briefs, exhibits, and hearing transcripts in this case contain or reference privileged, private and/or confidential information. After initiating this civil action through a Verified Complaint, Plaintiff David P. Donovan filed a Motion for Leave to File Under Seal and to Seal Case ("Motion to Seal Case"). *See* Dkt. No. 2. On November 10, 2020, the Court entered an Order granting Plaintiff's Motion to Seal Case, directing that all current and future pleadings in this case be sealed "until further Order of this Court." Dkt. No. 7. Thereafter, and following an under seal hearing, the Court issued an Order determining that while "the entire

case should not remain sealed . . . [u]pon review of the Complaint and the pleadings filed to date, it does appear that there may be subject matter, facts, allegations or references that would justify redactions from the public record." Dkt. No. 32 at 4. As a result, the Court directed Plaintiff and Defendant "to present expeditiously any such issues to Magistrate Judge Davis." *Id.*

After additional briefing and a hearing, the Magistrate Judge subsequently issued an order on November 25, 2020 (the "Sealing Order") directing that certain information, including "information protected by attorney-client privilege" should be redacted from "all filings by either party." Dkt. 68 at 1-2. The Sealing Order also ruled on specific proposed redactions made by Plaintiff and Defendant to several documents and it directed them to "revise the documents" and "incorporate the redactions" subject to the Sealing Order. *Id.* at 3.

On December 9, 2020, the Team moved to intervene in the case to assert its privilege, confidentiality, and privacy rights with regard to the filings. *See* Dkt. No. 79. The Court granted the Team's motion the same day and ordered Plaintiff, Defendant, and the Team (together, the "Parties") to "meet and confer . . . to submit agreed-upon redactions to the documents currently under seal," with disputed redactions to be resolved by the Court. *See* Dkt. No. 84 at 3 (¶ 3).

On December 17, 2020, the Team filed a Motion to Seal, Strike, and Reconsider in Part the Sealing Order. *See* Dkt. No. 94 (the "Motion to Seal"). Together with that motion, the Team filed proposed redactions of the documents under seal. *See* Dkt. No. 95. Neither Plaintiff nor Defendant objected to the Motion to Seal or the proposed redactions.[1] On January 8, 2021, the Magistrate Judge held a closed hearing (via Zoom) on the Team's Motion to Seal, where he provided further instructions on what could and could not be sealed. *See* Dkt. No. 145.

---

[1] Defendant had initially opposed Plaintiff's motion to seal the entire case, but did not file an opposition to the Team's Motion to Seal and informed the Court that she did not object to the Team's and Plaintiff's proposed redactions. Defendant has not independently moved to seal any information, but has instead submitted proposed redactions in conjunction with the Team and Plaintiff's proposed redactions.

2

By order dated January 11, 2021, the Magistrate Judge granted in part and denied in part the Team's Motion to Seal. *See* Dkt. No. 147. This Order directed the Parties to confer and "submit by January 15, 202[1] a new set of proposed redactions to the filings subject to sealing," based on the guidance provided by the Magistrate Judge during the January 8th hearing and in the Sealing Order. *Id.* The Parties subsequently conferred and submitted new proposed redactions for the Magistrate Judge's review. *See* Dkt. Nos. 154, 154-1. The Magistrate Judge gave additional feedback on unsealing, and these documents were revised yet again based on those instructions.

On March 10, 2021, the Magistrate Judge provided final feedback on the proposed redactions and directed the Parties to update the documents by March 17, 2021. Then on March 16, 2021, the Magistrate Judge issued an Order requiring the Parties to follow the Clerk's procedures and upload directly to the docket "properly redacted versions" of several documents "pursuant to" his prior rulings. *See* Dkt. No. 165. The Parties worked through the documents in light of these instructions, but in doing so the Team identified certain instructions that seemed inconsistent with the Magistrate Judge's prior guidance and contrary to the law. After the Team informed the Magistrate Judge of these inconsistencies, the Parties were instructed to submit to memoranda regarding the disputed redactions and identifying examples of the inconsistencies.

On March 24, 2021, the Team submitted the requested memorandum for in camera review, highlighting eleven examples for the Magistrate Judge's reconsideration with legal and factual reasons in support. On March 31, 2021, Defendant submitted a memorandum in response, opposing the Team's request in part. On April 5, 2021, at the Magistrate Judge's direction, the Parties filed their respective memoranda on the docket as a motion for reconsideration and opposition thereto, under seal pursuant to Local Rule 5. *See* Dkt Nos. 166–172.

On April 6, 2021, the Magistrate Judge granted in part and denied in part the Team's motion for reconsideration. *See* Dkt. No. 173. In response, the Team filed Objections to the Magistrate Judge's Orders on Sealing. *See* Dkt. No. 192 (the "Objections"). Before responding, Defendant moved to expedite the briefing schedule and the hearing on the Team's Objections (Dkt No. 196), which the Court denied on April 26, 2021 (Dkt. No. 200). Defendant filed an opposition to the Team's Objections on May 4, 2021 (Dkt. No. 203), along with a consent motion to file her opposition under seal (Dkt. No. 201). That same day, Plaintiff filed a response in support of the Team's Objections (Dkt. No. 207), along with a consent motion to file that response under seal (Dkt. No. 205).

## II. LEGAL STANDARD

A trial court is empowered to "seal documents if the public's right of access is outweighed by competing interests." *In Re: Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984). "The public's right to access judicial records" stems from two . . . sources: the common law and the First Amendment to the United States Constitution." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, 2020 WL 973751, at *13 (E.D. Va. Feb. 7, 2020) (citing *Level 3 Comm's LLC v. Limelight Networks. Inc.*, 611 F. Supp. 2d 572, 577-78 (E.D. Va. 2009)). Under the common law standard, which applies to this non-dispositive filing, the presumption that judicial records should be public is "rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)). "[T]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* (internal quotation marks omitted).

Documents "filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 755 (E.D. Va. 2018). For instance, "discovery documents filed in connection with a dispositive motion, such as a motion for summary judgment, are subject to the right of access because summary judgment adjudicates substantive rights." Conversely, "documents not considered by the court but filed with a motion to dismiss are not subject to the right because those documents do not play any role in the adjudicative process." *Id.*; *see also In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623, at *3, 4 (4th Cir. Sept. 13, 1995); *BASF Plant Sci., LP*, 2020 WL 973751, at *15 (even under the First Amendment standard, sealing may be appropriate where "any dispositive relief that was granted does not rely on material that is sealed.").

### III. INTERVENOR'S REPLY MEMORANDUM IN SUPPORT OF ITS OBJECTIONS MEETS THE STANDARD FOR SEALING

As with the Objections themselves, the public's right of access to the Reply Memorandum is outweighed by competing interests. First, the Reply Memorandum continues to reference the Team's private, privileged, and confidential information, including attorney-client communications, privileged attorney work product, and other material that impacts confidential and privacy interests of the Parties and non-parties to this dispute. *See, e.g.*, Dkt. No. 68. Filing this material on the public docket would obliterate the privacy protections reflected in those earlier orders.

Second, the Reply Memorandum contains direct references to the proposed redactions the Team and Plaintiff are asking the Court to review, which again, contain more of the same kind of privileged and confidential material. Publicly filing the very passages the Team has asserted privilege over before the Court has issued a final ruling would be inherently self-defeating. Moreover, the Reply Memorandum specifically addresses previous sealing decisions and disputes.

5

Making public the contents of those sealing disputes would render the Objections moot and leave the Team with no meaningful opportunity to assert its confidentiality rights. Further, the Reply Memorandum deals primarily with collateral questions of sealing, rather than the substantive issues in the litigation. The public has essentially no interest in the intricacies of the sealing arguments themselves.

A claim of privilege justifies the sealing of documents including attorney-client privilege and work-product doctrine. Attorney-client communications are privileged, and that privilege generally warrants sealing. *See Brewer v. Maynard*, 2006 WL 7131975, at *7 (S.D. W. Va. Dec. 6, 2006) ("[T]he client may prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client."). Additionally, a fundamental purpose of the work-product doctrine is to ensure a client is protected by permitting attorneys the "freedom to express and record [their] mental impressions and opinions without fear of having these impressions and opinions used against the client." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). Accordingly, the work-product references should be sealed because disclosure these references would run afoul of the purpose of the work-product doctrine.

The particulars of confidential agreements are also sealable. *See, e.g.*, *Malon v. Franklin Fin. Corp.*, 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014); *Lifenet Health v. Lifecell Corp.*, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015); *In re Williams*, 2017 WL 6278764, at *4 (Bankr. W.D. Va. Dec. 8, 2017). Accordingly, because the Reply Memorandum contains details regarding confidential agreements, it should be sealed in accordance with precedent.

Courts within the Fourth Circuit have also identified unwarranted media attention as justification for sealing of documents. *See, e.g.*, *Under Seal v. Under Seal*, 326 F.3d 479, 485-86

6

(4th Cir. 2003) (recognizing an exception to presumption of public access "where disclosure may be used to gratify private spite or promote public scandal"). Since the Team has filed its Motion to Intervene, this case has received a great deal of media attention.[2] Furthermore, the Reply Memorandum contains references that would be properly sealed based on the Court's inherent authority to strike immaterial or scandalous matter from filings. *See, e.g.*, *United States v. Rodriguez-Silva*, 2019 WL 1937144, at *9 (M.D.N.C. Apr. 8, 2019), *rpt. & rec. adopted*, 2019 WL 1934036, at *1 (M.D.N.C. May 1, 2019); *Kelly v. FedEx Ground Package Sys., Inc.*, 2011 WL 1584764, at *3 (S.D. W.Va. Apr. 26, 2011). Lastly, the interests in support of sealing are especially strong here because, as an intervenor, the Team neither brought this action nor did it have any opportunity to defend or weigh in on documents whose public right to access pales in comparison to the Team's competing interest. Courts, including the Fourth Circuit, generally recognize that privacy interests are heightened where the information at issue concerns non-parties. *See, e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (nothing that intervenor was "never given a reasonable opportunity to object to the entry of the order" and that the "arguments raised before [the] court by the intervenors pose[d] serious questions regarding the extent of the competing interests at stake in th[e] case.").

      Based on the foregoing, filing the Reply Memorandum under seal is the only way to protect these strong privilege and privacy interests. This is especially so because the Court has already ruled that this type of material — and in several cases, the very language being quoted — should be redacted from the public docket.

---

[2] Zachary Zagger, *DC NFL Team Brings In Dechert In Wilkinson Suit*, LAW360 (Dec. 9, 2020), *available at*: https://www.law360.com/articles/1336089.

## IV. CONCLUSION

For the reasons stated herein, Intervenor respectfully requests that this Court grants its Consent Motion to Seal Reply Memorandum in Support of Intervenor's Objections to the Magistrate Judge's Orders on Sealing.

Dated: May 10, 2021  Respectfully submitted,

*/s/ John L. Brownlee*
John L. Brownlee (VSB No. 37358)
Stuart G. Nash (*pro hac vice*)
Robert J. Farlow (VSB No. 87507)
David L. Haller (*pro hac vice*)
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Phone: 202.955.3000
Facsimile: 202.955.5564
john.brownlee@hklaw.com
stuart.nash@hklaw.com
robert.farlow@hklaw.com
david.haller@hklaw.com

Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Phone: 212.698.3500
Facsimile: 212.698.3599

*Counsel for Intervenor*
*Pro-Football, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

*/s/ John L. Brownlee*
John L. Brownlee (VSB No. 37358)

*Counsel for Intervenor*
*Pro-Football, Inc.*