**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| David P. Donovan, )<br><br>Plaintiff, )<br><br>v. )<br><br>Beth A. Wilkinson, )<br><br>Defendant. ) | Index No. 20-cv-1344 |

**BETH WILKINSON'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE UNDER SEAL AND SEAL CASE**

    Mr. Donovan seeks this Court's permission to bring secret litigation to derail Ms. Wilkinson and her firm, Wilkinson Stekloff LLP, from conducting an independent investigation ██████████ into allegations of sexual and other workplace misconduct a ████████████████████ ██████ That ongoing investigation is examining the following issues, among others:

- Whether, ██████████████████████████████████████████████
  ██████████████████████████████████████████

- whether ██████████████████████████████████ timely complaint to Mr.
  Donovan, who was ██████████ general counsel at the time;

- whether ██████████████████████████████████████████
  ████████████████████████████

- whether ████████████████████████████████████████████
  ████████

1

- whether ██████████ recent actions—███████████████████

██████████are an improper obstruction of ██████████efforts to uncover ████████

It is hard to imagine a matter less suitable to secret litigation.  Media outlets across the country have written hundreds of stories about the investigation into the Washington Football Team.  *The Washington Post* alone has written about the investigation on at least six occasions.[1] Those articles, for example, have focused on Ms. Wilkinson's independence, ██████████ ██████████public acknowledgement that he would not ███████████████████ ██████████  The Commissioner of the NFL has also publicly stated that: "We will continue to monitor the progress of this investigation and ensure that the club and its employees satisfy their obligation to give full cooperation to the investigators.  If at any time the club or anyone associated with the club fails to do so, the investigating counsel has been asked to promptly advise our office and we will take appropriate action."  *See* Press Release, Roger Goodell, Commissioner, National Football League (Aug. 26, 2020), https://perma.cc/PTJ2-6E9U.

The filing of this action by Mr. Donovan also comes on the heels of a weeks-long campaign by ██████████████ to privately raise the same objections ██████████ that Mr. Donovan is now raising with this Court.  And it comes on the heels of ██████████ recent efforts to ██████████ ███████████████ silence and non-cooperation with ██████████ investigation, as

---

[1]  *See* Will Hobson & Liz Clarke, *From Dream Job To Nightmare*, WASH. POST. (July 16, 2020); Les Carpenter, *Five Takeaways From Washington Post's Redskins Story on Alleged Sexual Harassment*, WASH. POST (July 16, 2020); Mark Maske, *Daniel Snyder Says Alleged Behavior 'Has No Place' In Franchise; NFL To Consider Discipline*, WASH. POST (July 17, 2020); Mark Maske, *NFL Will Consider Disciplining Washington But Is Not Expected To Force Daniel Snyder To Sell*, WASH. POST (July 17, 2020); Adam Kilgore, *Who Is Beth Wilkinson? Lawyer Leading Washington NFL Team's Investigation Has High-Profile History*, WASH. POST (July 17, 2020); Will Hobson et al., *Lewd Cheerleader Videos, Sexist Rules: Ex-Employees Decry Washington's NFL Team Workplace*, WASH. POST (Aug. 26, 2020); Liz Clarke et al., *NFL Assumes Oversight Of Investigation Into Washington Football Team Workplace*, WASH. POST (Aug. 31, 2020).

documented and rebuffed by ███████ Brendan Sullivan of Williams & Connolly LLP.  The

██████████████████████████████████ ███████████████████████████████

████████████████████████████████

The investigation here is still ongoing.  Internal investigations are, by their nature, confidential.  The decision whether to publicize any findings generally rests with Wilkinson Stekloff's client, ████████████████ has yet to receive findings and recommendations from Wilkinson Stekloff.  ████████████████ not come close to making any decision about public disclosure of any such findings and recommendations once they are made.

The federal courts are a different matter.  By invoking the jurisdiction of this Court, Mr. Donovan has brought the underlying issues into the public domain.  His allegations—and the many material inaccuracies and omissions in his pleadings, which Ms. Wilkinson looks forward to answering in detail—must see the light of day.  Even though Ms. Wilkinson is the defendant in this action, and Mr. Donovan has sought to sully her professional reputation in his filings, she demands a public proceeding consistent with the First Amendment and this Court's own rules. She has nothing to hide.

"When a complaint is filed, and the authority of the people of the United States is thereby invoked, … the American people have a right to know that the plaintiff has invoked their power to achieve his personal ends." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *9 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016).  Mr. Donovan admits that his motion to seal this case in its entirety must satisfy strict scrutiny under the First Amendment.  *See* Mot. 5–6.  And he admits that this case will command substantial public interest because of its connection to an ongoing investigation concerning sexual and other workplace misconduct at a prominent professional sports team.  *See* Mot. 7.  But turning

the First Amendment on its head, Mr. Donovan contends that the prospect of public scrutiny is reason to conceal his attempt to enlist the judicial process to obstruct that investigation.  Mr. Donovan's argument points in exactly the opposite direction, and none of the additional reasons advanced by Mr. Donovan justify the extraordinary relief he seeks.

Moreover, there is even a "more repugnant aspect" to Mr. Donovan's motion: "[N]o one can challenge closure of a document or proceeding that is itself a secret."  *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014).  That is why the Fourth Circuit requires district courts to provide public notice of sealing motions in order to afford the press and other interested parties an opportunity to object.  *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  And this Court's Local Rules set forth detailed procedures requiring, among other things, a "non-confidential notice" of all sealing motions providing the public with 7 days in which to file any objections, a "non-confidential memorandum" explaining the basis for the motion, and a good faith attempt to provide redacted versions of sealed materials.  *See* Local Civ. R. 5.3(C).  Mr. Donovan's motion to seal the case fails to follow any of these procedures.  Indeed, Mr. Donovan's attempts at secrecy are so unorthodox that his own sealed submission is riddled with redactions, preventing even this Court from a full view of the materials he claims support his position.

This Court should deny the motion to seal the entire case and order Mr. Donovan's counsel to meet and confer with the undersigned to discuss any partial redactions that may be appropriate before the case materials are entered on the public docket.  In the alternative, if the Court is not prepared to reject Mr. Donovan's motion to seal the entire case at this juncture, it should, at a minimum, direct him to file pleadings consistent with this Court's rules on sealing, to allow Ms.

Wilkinson to file a limited responsive pleading to same on the public docket, and to provide members of the public to weigh in on the motion if they so chose.[2]

## I.     FACTUAL BACKGROUND

Ms. Wilkinson relies on and incorporates by reference the factual background set forth in her Prehearing Memorandum, which is being filed along with this response.

## II.    LEGAL STANDARD

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Public Citizen*, 749 F.3d at 265. "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotation marks omitted)). Where the First Amendment provides a right of access, strict scrutiny applies, and a district court may restrict access "only on the basis of a compelling governmental interest, and only if the [restriction] is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (*Stone I*).

In addition to the substantive legal standard, under the law of this Circuit, district courts must also satisfy several procedural steps in adjudicating any motion that seeks to infringe the

---

[2]    Capitalized terms have the same meanings as in Mr. Donovan's motion.

public right of access.  The district court must first "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft*, 218 F.3d at 302.  For example, the district court must ensure that any motion is "docket[ed] … reasonably in advance of deciding the issue." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Then, in deciding the motion, the district court must conduct its analysis "with respect to each document sealed," "must consider less drastic alternatives to sealing," and must provide "a clear statement, supported by specific findings, of its reasons for sealing any records or documents, as well as its reasons for rejecting measures less drastic than sealing them." *Stone I*, 855 F.2d at 181–82.

## III.  ARGUMENT

### A.    Mr. Donovan Has Not Established Any Compelling Governmental Interest In Sealing The Entire Case, Nor Has He Shown Why Redactions Are Insufficient.

Although Mr. Donovan's motion cites to both the common law and First Amendment standards, the Court should review his request to restrict public access to this case under "the more rigorous First Amendment standard."  *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). As Mr. Donovan concedes, courts in this Circuit have concluded that the First Amendment right of access applies when a party seeks to seal papers concerning injunctive relief.  *See* Mot. 6 (citing *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-00066, 2018 WL 10602398, at *1 (W.D. Va. Oct. 30, 2018)); *see also Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013).

The First Amendment standard governs for at least two additional reasons.  By seeking to "seal the entire proceeding" (Mot. 10), Mr. Donovan is necessarily seeking to seal his initial complaint, which triggers First Amendment review.  *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *see also Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 558

(E.D. Va. 2020) (noting federal courts are unanimous in concluding that there is a First Amendment right of access to newly-filed civil complaints), *appeal pending*, No. 20-1290 (4th Cir.). Likewise, by seeking to seal the entire case, Mr. Donovan is also necessarily seeking to seal the docket sheet for the case, which also triggers First Amendment scrutiny. *See Public Citizen*, 749 F.3d at 268.

In applying First Amendment review, the interests that courts have found sufficiently compelling to justify restrictions include a defendant's right to a fair trial before an impartial jury, *Press-Enter. Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984), the protection of the privacy rights of trial participants such as victims or witnesses, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607–08 (1982), and risks to national security, *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008); *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 705 (6th Cir. 2002).

Mr. Donovan makes four arguments in support of his motion to seal. Each lacks merit.

*First*, Mr. Donovan argues (Mot. 7, 9) that disclosure of ███████████████ and this litigation would likely attract media attention resulting in the airing of "serious, contested, scandalous allegations" that would cause him "reputational and professional harm." That assertion cuts against Mr. Donovan's motion, not in favor of it. "The free press is the guardian of the public interest, and the independent judiciary is the guardian of the free press." *Leigh v. Salazar*, 677 F.3d 892, 900 (9th Cir. 2012). Where First Amendment scrutiny applies, the Supreme Court has insisted on "the broadest scope [of freedom of the press] that could be countenanced in an orderly society." *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966). And the Supreme Court has "consistently required that the press have a free hand, even though we sometimes deplored its sensationalism." *Id.*; *see also N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 271–72 (1964)

("[E]rroneous statement is inevitable in free debate, and … it must be protected if the freedoms of expression are to … survive.").

The authorities invoked by Mr. Donovan are easily distinguishable. Despite Mr. Donovan's concession that the First Amendment governs, his argument applies the less demanding common law standard. *See* Mot. 7 (citing *Adler v. CFA Inst.*, No. 1:11-CV-1167, 2012 WL 3257822, at *1 (E.D. Va. Aug. 7, 2012)); *see also Adler*, 2012 WL 3257822, at *1 (discussing "the common law presumption of access" (cleaned up)). And even indulging the specter of unspecified "libelous statements" (Mot. 7), "[a]n unsupported claim of reputational harm falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access." *Public Citizen*, 749 F.3d at 270; *see also United States v. Doe*, 962 F.3d 139, 148 (4th Cir. 2020) ("[C]onclusory statements cannot alone establish a substantial probability of harm.").[3]

*Second*, Mr. Donovan argues (Mot. 8) that ████████████████████████████████ ████████████████████ "strong factor" that "outweighs any public right of access." But that argument fails twice over. As an initial matter, Mr. Donovan overlooks ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ He has not explained why compliance with the law of this Circuit, the Local Rules, and the Court's ultimate order would not shield him from any (speculative) claim of breach. Regardless, federal

---

[3] Mr. Donovan suggests that the irreparable harm to him would flow from Ms. Wilkinson's purportedly painting "an incomplete picture of ████████████ in her forthcoming report. *See* Mot. 9 (citing TRO Mot. 3–4, 15–16). Even if such harms could flow from Ms. Wilkinson's report—which is unfounded speculation at this point—this claim relates to harm on the merits and is "distinct from [his asserted] right to litigate [his] claims in secret and to keep all meaningful facts about the litigation forever concealed from public view." *Public Citizen*, 749 F.3d at 270. The Fourth Circuit has cautioned against treating the claim of irreparable harm relating to the remedy on the merits as " 'inextricably intertwined' with the issues of sealing." *Id.* at 273.

courts have "repeatedly found that the preservation of … bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017); *see also Asghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-CV-478, 2016 WL 8254918, at *2 (E.D. Va. Aug. 16, 2016); *Callendar v. Anthes*, No. CIV.A. DKC 14-0121, 2014 WL 1577787, at *9 (D. Md. Apr. 18, 2014).

The cases cited by Mr. Donovan (Mot. 8–9) are not to the contrary. Those decisions did not view the existence of ██████████████ as dispositive to the inquiry, as Mr. Donovan suggests. Rather, those cases teach that such an agreement is a factor to be considered alongside the nature of the specific information at issue. *See, e.g.*, *Lifenet Health v. Lifecell Corp.*, No. 2:13-CV-486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (describing "alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as nonparties"); *Malon v. Franklin Fin. Corp.*, No. 3:14-CV-671 (HEH-RCY), 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) ("sensitive business, financial, and proprietary information that belongs to third parties"). Moreover, although Mr. Donovan seeks a blanket sealing order making this entire litigation secret, the cases he cites involved orders narrowly tailored to address the specific claims of confidentiality. *See, e.g.*, *Lifenet Health*, 2015 WL 12517430, at *4 ("redacting only key words and phrases, and providing substitute placeholders"); *Malon*, 2014 WL 12768782, at *3 (sealing only certain exhibits attached to declaration in support of TRO and preliminary injunction).

*Third*, Mr. Donovan makes a passing reference (Mot. 9) to "the protection of third-party privacy interests." But these third parties are unnamed and unknown. It is thus impossible for the Court to understand the claimed interests or how they should be balanced against the First Amendment. Moreover, to the extent Mr. Donovan is attempting to obliquely raise the privacy

9

interests of ██████████ his doing so is yet another indication (among the others noted in Ms. Wilkinson's Prehearing Memorandum) that he is improperly bringing this litigation as a proxy ██ ██████████ ████████████████████████ reputation by obstructing the independent investigation designed to uncover the truth ██████████████████████ among other issues.

*Fourth*, Mr. Donovan asserts (Mot. 10) that the Court should "seal the entire proceeding." Mr. Donovan has failed to establish a basis for such drastic action. Mr. Donovan does not cite even a single case where the Fourth Circuit approved of the sealing of an entire case file. To the contrary, in a leading case otherwise relied upon by Mr. Donovan (Mot. 4, 10), the Court of Appeals noted that it was "particularly troubl[ed]" when a district court took such a step because it expected that the public access to "at least a portion of the record" could have been preserved. *Stone I*, 855 F.2d at 182. In fact, both of the cases cited by Mr. Donovan in support of his request for sealing the entire case *rejected* precisely such action. In *Under Seal v. Under Seal*, the Court of Appeals chastised the district court for "seal[ing] the record without indicating exactly what the record contained" and remanded the case with instructions to revisit sealing. 230 F.3d 1354 (4th Cir. 2000) (unpublished table decision). And in *Tustin v. Motorists Mutual Insurance Co.*, the district court concluded that "the defendant ha[d] not made an adequate showing" with respect to "sealing the entire file," and instead sealed just a single document. 668 F. Supp. 2d 755, 761 (N.D.W. Va. 2009). Indeed, it is difficult to see how sealing an entire case file would be practicable given the district court's obligation to conduct a document-by-document analysis and provide specific findings as to each. *See Stone I*, 855 F.2d at 181–82.

## B.     Mr. Donovan Has Failed To Comply With This Court's Rules On Sealing.

The Fourth Circuit has long required district courts "to provide public notice of the request to seal and allow interested parties a reasonable opportunity to object" before any materials are

sealed.  *See Ashcraft*, 218 F.3d at 302 (citing *Knight*, 743 F.2d at 235–36).  Reflecting this requirement, this Court's Local Rules require a party seeking a sealing order to include "a non-confidential supporting memorandum, a separate non-confidential notice that specifically identifies the motion as a sealing motion, and a non-confidential proposed order."  Local Rule 5.3(C).  "The notice shall be identified as a notice of filing a motion to seal and it shall inform the parties and non-parties that they may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal …."  *Id.*  Only "[a]fter the seven (7) day time period for filing a response or any objection to the motion to seal and any further briefing ordered by the Court the Court will determine whether the material should remain under seal.."  *Id.*

Furthermore, the Fourth Circuit requires district courts to "consider less drastic alternatives to sealing the documents."  *Ashcraft*, 218 F.3d at 302.  Thus, this Court's Local Rules advise that "[m]otions to file documents under seal are disfavored and discouraged" and that "[b]lanket sealing of entire briefs, documents, or other papers is rarely appropriate."  Local Civ. R. 5.3(C).  And the Local Rules require that "[a]nyone seeking to file a document or other material under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests."  *Id.*

Mr. Donovan's motion fails to comply with these requirements.  Mr. Donovan's sealed papers are also conspicuous forthe number of redactions they contain (*see, e.g.*, Ex. 1-A; Ex. 1-C, Ex. 1-E; Ex. 3-1).  While redactions may in appropriate circumstances be acceptable for the public docket, we do not understand the Local Rules or practice to permit a party to use pseudonyms or redact documents filed under seal, as Mr. Donovan has done, thereby depriving the Court access to relevant facts in the litigation.  Accordingly, even if Mr. Donovan is permitted to file certain

materials under seal, the sealed versions of those materials should not contain redactions. And the question of what should be redacted from any public filings is a matter for which Mr. Donovan's and Ms. Wilkinson's counsel must meet and confer, and on which this Court must rule before the redactions are permitted. *See* Local Civ. R. 7(E) (requiring moving party "to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement"); Local Civ. R. 5(C) (requiring "redact[ing] or seal[ing] only as much as necessary to protect legitimate interests").

Because Mr. Donovan's failed to comply with these requirements, members of the public have been deprived of the opportunity to challenge his motion, no steps have been taken that would minimize the scope of sealed materials, and even this Court does not have an unvarnished view of the materials that Mr. Donovan relies on to support his complaint.

## IV.   CONCLUSION

Ms. Wilkinson respectfully requests that the Court deny the motion to seal the entire case as inconsistent with the strict scrutiny demanded by the First Amendment. To the extent the Court believes that some of the pleadings may have material appropriate for sealing, Ms. Wilkinson respectfully requests that the Court order Mr. Donovan's counsel to meet and confer with the undersigned counsel to discuss partial redactions, and rule upon any redaction proposals that the parties make jointly or separately after such conference. Alternately, the Court should delay ruling on the motion to seal the entire case and order Mr. Donovan to comply with the Local Rules, including by providing the necessary public notice of his motion, filing a public memorandum in support of sealing, allowing Ms. Wilkinson to file a public opposition to the same, and allowing any member of the public who wishes to do so to challenge the motion to seal.

Dated: November 11, 2020

Washington, DC

                                     Respectfully Submitted,


Beth Wilkinson

By: /s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
Thomas B. Mason (*pro hac vice forthcoming*)
Jared Paul Marx (VA Bar No. 91213)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street NW, 8th Floor
Telephone: (202) 730-1300
Fax: (202) 730-1301
tconnolly@hwglaw.com
tmason@hwglaw.com
jmarx@hwglaw.com

*Counsel for Defendant*

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing to be served by email on the

following:

Cathy A. Hinger
Lela M. Ames
WOMBLE BOND DICKINSON LLP
1200 Nineteenth Street, NW, Suite 500
Washington, D.C. 20036

Dated: November 11, 2020

*/s/ Thomas G. Connolly*
Thomas G. Connolly