UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |  |
|---|---|---|
| David P. Donovan, | ) | |
| Plaintiff, | ) ) ) | Index No. 20-cv-1344 |
| v. | ) ) ) | |
| Beth A. Wilkinson, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT BETH A. WILKINSON'S OBJECTIONS TO PLAINTIFF'S PROPOSED REDACTIONS OF THE RECORD

Pursuant to the process set forth in the Court's November 17, 2020 Order denying Plaintiff's motion to seal this case (the "Sealing Order," ECF No. 32), Defendant Beth A. Wilkinson submits her objections to Plaintiff David P. Donovan's proposed redactions. The parties have conferred on potential redactions, and were able to reach agreement on a narrow set of redactions. These include narrow redactions to Ms. Wilkinson's under seal filings, the redaction of Ms. Wilkinson's personal phone number from Mr. Donovan's under seal filings (but no further redactions to Mr. Donovan's filings beyond the information Mr. Donovan redacted from even the materials he submitted under seal), and no agreed-upon redactions to the November 12, 2020 hearing transcript.

Mr. Donovan shared his proposed redactions with Ms. Wilkinson's counsel at 11:57 PM on November 19, 2020. As proposed, the redactions were so substantial that Ms. Wilkinson cannot, in the time allowed, meaningfully object to each specific proposed redactions. The parties scheduled a meet and confer call for 10AM on November 20 before the Court scheduled a hearing on Mr. Donovan's emergency motion for clarification. Once the hearing began, counsel for Ms.

Wilkinson requested that one of Mr. Donovan's attorneys be available to confer about the proposed redactions, but counsel declined to do so. As a result, the parties have not been able to confer about Mr. Donovan's proposed redactions.

Mr. Donovan wants to redact far, far more, and to effectively accomplish through such redactions what he failed to accomplish through his unsuccessful motion to seal the entire case. As set forth below, Ms. Wilkinson objects to Mr. Donovan's proposed redactions as overbroad and inconsistent with the First Amendment, Fourth Circuit precedent, the Local Rules, and the findings that this Court has already made in rejecting his motion to seal the entire case.

In addition, counsel for Mr. Donovan have indicated their desire to seal, in its entirety, the upcoming preliminary injunction hearing in this matter scheduled for November 30, with selected portions to be retroactively unsealed once a transcript is available. This proposal, too, is unjustified and inconsistent with the First Amendment presumption of public access to court proceedings. Instead, the hearing should be open to the public, with instructions that counsel and witnesses not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

I.   ARGUMENT

The parties have already litigated the fundamental question of whether Mr. Donovan can shield this case from public scrutiny. Ms. Wilkinson incorporates by reference the arguments from her successful opposition to Mr. Donovan's motion to seal (ECF No. 26), and will not belabor them here.

As this Court recognized in rejecting Mr. Donovan's motion to seal the entire case, the Fourth Circuit has upheld "a general right to access court documents and records." Sealing Order at 2. This Court cited the instruction in Local Rule 5(C) that "[m]otions to file documents under seal are disfavored and discouraged" and "[b]lanket sealing of entire briefs, documents, or other

papers is rarely appropriate." Sealing Order at 2. And this Court has already held that the core issues in dispute do not warrant sealing: "There is nothing about *the injunctive relief sought*, the *basis upon which that relief is sought* or the parties' names involved in this action that justifies sealing the entire case. *The central issue presented in this case is routinely adjudicated publicly*[.]" *Id.* at 3 (emphases added).

The above observations and findings cannot be squared with the breadth of Mr. Donovan's proposed redactions. Rather, his proposed redactions are a transparent attempt to accomplish through redaction what he failed to accomplish in moving to seal the entire case. Thus, he proposes to redact the majority of each side's filings in the case, going so far as to redact legal arguments and case citations. He would even redact the phrase "confidential information," as if disclosing that phrase somehow reveals what the confidential information is about. Mr. Donovan's redactions simply do not reflect "a *good faith effort* to redact or seal *only as much as necessary* to protect *legitimate* interests," as they must in order to be considered. Local Rule 5(C) (emphasis added).

Also, Mr. Donovan's redactions do not square with the nature of the confidential interest he is asserting. The dispute here concerns a routine ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ to which Ms. Wilkinson is not a party, and for which the ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have already recognized an exception allowing them to address the underlying ▓▓▓▓▓ in the ongoing investigation.[1] Contrary to the precedents on which Mr. Donovan primarily relies, this is not a case about trade secrets or other information that derives economic value from being confidential, and which would lose its value if publicly disclosed. And even if it was, only the purported trade secret would be sealed, and not the types of downstream facts or machinations that Mr. Donovan is attempting to conceal from public view.

---

[1] Capitalized terms have the meanings given to them in Mr. Donovan's complaint.

3

*See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Litigation about trade secrets regularly is conducted in public; the district court seals only the *secrets* (and writes an opinion omitting secret details); no one would dream of saying that every dispute about trade secrets must be litigated in private.").

Mr. Donovan's proposal also ignores the fact that numerous aspects of this matter are already in the public record. Chief among these is the public position of Mr. Snyder that "Beth Wilkinson and her firm are empowered to do a full, unbiased investigation and make any and all requisite recommendations."[2] It has been publicly reported that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[3] The underlying dispute turns, in substantial part, on whether or not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ To redact descriptions of what ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have done in an effort to block ▓▓▓▓▓▓▓▓▓▓ from cooperating with the investigation would not only improperly conceal a central aspect of this dispute, but would affirmatively mislead the public ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ It also would improperly bar Ms. Wilkinson from showing the public that Mr. Donovan's suit is ▓▓▓▓ coordinated with these recent, ▓▓▓▓▓▓▓▓ efforts ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓—including attaching numerous materials ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which Mr. Donovan wants to rely upon without the public knowing ▓▓▓▓▓▓▓▓▓▓ and for what purpose. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[2]  Adam Kilgore, *Who Is Beth Wilkinson? Lawyer Leading Washington NFL Team's Investigation Has High-Profile History*, WASH. POST (July 17, 2020).

[3]  Liz Clarke et al., *NFL Assumes Oversight of Investigation into Washington Football Team Workplace*, WASH. POST (Aug. 31, 2020).

4

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████

Similarly, the fact that the ████████████████████████████████████ ████████████, because it bears on the core dispute ██████████████████ Mr. Donovan has chosen to raise serious ethical accusations against Ms. Wilkinson, who has a long record of distinguished performance in some of the highest-profile matters in the country. She has a right to publicly clear her name, and to explain what is, in her view, really going on here. How is the public to understand Mr. Donovan's allegations, and judge his credibility and that of his other intended fact witness—Mr. Norman Chirite, ████████████████████████████████████ without understanding that the injunction sought here would ultimately interfere with Ms. Wilkinson's ability to report ████████████████████████████████████████████████ How is the public to judge the materials relied on by Mr. Donovan without knowing that most of them were ████████████████████████████████ in an attempt to prevent Ms. Wilkinson from investigating ████████████████████████████████

That is not to say that everything in the filings under review must be made public. Ms. Wilkinson agrees not to publicly reveal ██████████████████████ which is a common form of redaction in circumstances such as this. Those are the kinds of redactions that reflect "a good faith effort to redact or seal only as much as necessary to protect legitimate interests." Local Rule 5(C). Moreover, even though ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████, Ms. Wilkinson will not object to redacting any descriptions ██████████████████████ ████████████████████████ But this Court should not go any further than that. Mr.

Donovan's proposed redactions cannot survive strict scrutiny,[4] including because they seek to ███████████████████████████████ publicly on the investigation and who is ███████████ Mr. Donovan on this very lawsuit in a manner that is ███████████ ███████████.

### A. The Papers Should Only Be Redacted Narrowly, to the Extent Needed to Protect Legitimate Third-Party Privacy Interests.

Protection of the privacy rights of ███████████ may constitute a sufficiently compelling interest to justify shielding material from public access "on a case-by-case basis." *See, e.g.*, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607–09 (1982). Recognizing that this case implicates such privacy interests, Ms. Wilkinson has agreed to limited, appropriate redactions in order to protect the ███████████████████████████████████████████████ ███████ Likewise, Ms. Wilkinson agrees that it is proper for the details of those ███████ to remain under seal, including ███████████████████████████.

Mr. Donovan, however, asks this Court to go far beyond what is necessary to protect a compelling privacy interest. The bulk of Mr. Donovan's redactions do not concern ██████ ███████ but instead the identity of fact witnesses and central players *in the dispute now before the Court.* For example, Mr. Donovan seeks to redact essentially any mention of ██████ ███████████████████████████████████ commitment to cooperate with █ Wilkinson Stekloff investigation███████████████████████████████ including in connection with ███████████████ goes to the heart of what this case is about.

---

[4] As this Court has held—and Mr. Donovan has conceded—strict scrutiny is the appropriate standard of review for any proposed redactions in this matter. *See* Sealing Order at 2 ("Because the First Amendment provides a right of access, strict scrutiny applies to any decision to prevent such access, justified only on the basis of a compelling government interest, and only if the denial [of access] is narrowly tailored to serve that interest." (quotations and citation omitted)); Donovan Mot. to Seal Case at 5–6, ECF No. 2.

Mr. Donovan has not explained how the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ t the Wilkinson Stekloff investigation implicates a cognizable privacy interest. To the contrary, by concealing the fact ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Donovan is seeking to shield from public view the ▓▓▓▓▓▓▓▓ behind the present lawsuit, which was filed j▓▓▓▓▓▓▓ Wilkinson Stekloff ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Simply put, Ms. Wilkinson's position is that Mr. Donovan's suit is an attempt to ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ investigation. That is not something that Mr. Donovan should be allowed to conceal from the public, while relying on material and theories developed ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ to accuse Ms. Wilkinson of misconduct. That is especially so given ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in an investigation that has commanded substantial public attention. "Even the law of privacy … recognizes severe limitations where public figures or newsworthy facts are concerned." *Garrison v. Louisiana*, 379 U.S. 64, 73 n.9 (1964); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) (public figures at "the forefront of particular public controversies … invite attention and comment").

Likewise, Mr. Donovan seeks to keep secret the involvement of Mr. Chirite, ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ who has submitted an affidavit and will likely be a fact witness at the preliminary injunction hearing. ▓▓▓▓▓▓▓▓▓▓ will not be providing evidence about ▓▓▓▓▓▓▓▓▓▓▓▓ Rather Mr. Chirite's affidavit concerns his role in this case, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Wilkinson Stekloff to conduct its independent investigation ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the circumstances in which ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Ms. Wilkinson. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Again, Mr. Donovan has not explained how such matters

7

implicate a cognizable privacy interest warranting shielding ███████ identity and his testimony from the public.

Moreover, there is no need to redact the simple fact that the ████████ reported █ ████████ Mr. Donovan █████ and that Mr. Donovan performed the original investigation. The fact that the pleadings and other materials in this case "may reveal potentially embarrassing information [about Mr. Donovan] is not in itself sufficient reason to block public access." *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016). Indeed, the assertion of privacy interests "are at the lowest for matters that have far-reaching 'public ramifications' and where there exists 'a fair opportunity for the subject to respond to any accusations contained therein.'" *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) (Weinstein, J.) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Mr. Donovan is a party to this dispute and has every opportunity to respond to Ms. Wilkinson's contentions. In any event, simply disclosing that he ████████████ performed an investigation does not reveal anything ████████████████.

Finally, Mr. Donovan's redactions do not concern the kinds of information courts typically withhold from public view. Mr. Donovan has previously cited case law from this District recognizing that the appropriateness of sealing proprietary information that derives value from its confidential nature, which would be lost if the information is made public. *See, e.g.*, *Lifenet Health v. Lifecell Corp.*, No. 2:13-CV-486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (describing "alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as nonparties"); *Malon v. Franklin Fin. Corp.*, No. 3:14-CV-671 (HEH-RCY), 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) ("sensitive business, financial, and proprietary information that belongs to third parties"). These authorities do not support Mr.

Donovan, for two reasons. First, he has not identified any trade secret or other confidential information in this case that derives economic value from its confidentiality. Rather, he is suing

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████ Second, both cases he relies upon recognize that any redactions must be narrowly tailored to address the specific claims of confidentiality. *See, e.g.*, *Lifenet Health*, 2015 WL 12517430, at *4 ("redacting only key words and phrases, and providing substitute placeholders"); *Malon*, 2014 WL 12768782, at *3 (sealing only certain exhibits attached to declaration in support of TRO and preliminary injunction). The narrow tailoring reflected in these cases is a far cry from the effectively "blanket sealing" sought by Mr. Donovan. *Cf.* Local Civ. R. 5(C). Thus, neither authority supports the sweeping redactions Mr. Donovan proposes here.

### B. The Court Should Not Close the Courtroom During the Preliminary Injunction Hearing.

In addition to proposing overbroad redactions, Mr. Donovan indicates that he wants to seal the entire upcoming preliminary injunction hearing, only to unseal portions of the transcript after the fact.[5] Mr. Donovan's proposed approach is untenable given the Fourth Circuit's clear precedent that "the trial court must consider alternatives before the courtroom can be closed constitutionally." *In re Knight Pub. Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Such alternatives are readily available here, and would fully address any concerns about sealed information becoming public.

"Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984). The "justification in denying access must be a weighty one," *Globe Newspaper*

---

[5] To the extent Mr. Donovan seeks the sealing of any other hearing in this matter, Ms. Wilkinson objects on the same grounds raised herein.

*Co.*, 457 U.S. at 606, and the court's power to block public access is "one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances," *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993). This standard applies equally in civil and criminal proceedings. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 & n.4 (4th Cir. 1988); *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part) (collecting cases).

Mr. Donovan's proposal to close the entire preliminary injunction hearing to the press and public is improper for the same reasons that wholesale redactions of the record are improper. *See Associated Press v. U.S. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983) (noting that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them"); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009) (noting that "[c]ourts have interpreted [Fourth Circuit precedent on public access] broadly, and make little distinction between the right of access to court proceedings and the right of access to court records" (quotation marks omitted)). This principle remains true even though the upcoming hearing is expected to be held remotely. As this Court's website notes, "[t]he court continues to stridently support the presumption of public access to hearings before the court," and even remote hearings are open to the public.[6]

There is no reason to believe that the hearing will touch on so much confidential material that it cannot be dealt with when and if it arises. On the contrary, courts routinely hold open, publicly accessible hearings involving potentially sensitive information. And where courtroom proceedings do tread on material that should not be made public, attorneys are perfectly capable of

---

[6] U.S. District Court for the Eastern District of Virginia, *Zoomgov Remote Proceeding Access Information*, https://www.vaed.uscourts.gov/zoomgov (last accessed Nov. 19, 2020).

10

requesting that discrete lines of testimony be sealed, or discussing a matter confidentially at the bench. There is no reason why the preliminary injunction hearing in this matter should depart from that approach, with the parties being ordered to abide by the ground rules set by the Court as to what information must be protected from public release. For example, counsel and witnesses could be instructed not to refer to the ███████████████ and not to describe ███████████████████████████████. And to the extent that certain portions of the hearing go into such issues, the Court could block public access to just those portions of the hearing, as routinely happens in other public hearings when parties require a side-bar or a short session closed to the public.[7]

## II. CONCLUSION

For the foregoing reasons, Ms. Wilkinson respectfully requests that the Court adopt the only the limited redactions agreed to by the parties, which are submitted here as Exhibits A-C, and to deny all remaining redactions sought by Mr. Donovan. Ms. Wilkinson also asks the Court to allow public access to the November 30, 2020 hearing, and to only exclude the public from portions of the hearing—if any—that require ███████████████████████████████████████.

---

[7] Mr. Donovan's proposal to release a redacted transcript after closing the courtroom still amounts to a courtroom closure and should be analyzed on that basis. As the Fifth Circuit explained in an analogous context, to the extent the Court has concerns about private information being revealed at the hearing, "the better practice," "rather than closing [the courtroom] in anticipation of privacy concerns," is to close the courtroom for discrete portions of the hearing. *See In re Dallas Morning News Co.*, 916 F.2d 205, 206 (5th Cir. 1990). This approach maximizes the public's opportunity to attend as much of the live court proceedings as possible. *Cf. Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 501 (4th Cir. 2001) (noting that appellate courts "can never match" trial court's superior vantage point "by reading a cold transcript of the proceedings" (quotation marks omitted)).

11

Dated: November 20, 2020

Washington, DC

Respectfully Submitted,

Beth A. Wilkinson

By: /s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
Thomas B. Mason (*pro hac vice forthcoming*)
Jared Paul Marx (VA Bar No. 91213)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street NW, 8th Floor
Telephone: (202) 730-1300
Fax: (202) 730-1301
tconnolly@hwglaw.com
tmason@hwglaw.com
jmarx@hwglaw.com

*Counsel for Beth A. Wilkinson*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing to be served by electronic mail on the following:

Cathy A. Hinger
Lela M. Ames
WOMBLE BOND DICKINSON LLP
1200 Nineteenth Street, NW, Suite 500
Washington, D.C. 20036
Cathy.Hinger@wbd-us.com
lela.ames@wbd-us.com

Dated: November 20, 2020  /s/ *Thomas G. Connolly*
Thomas G. Connolly