**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **DAVID P. DONOVAN** | |
| *Plaintiff*, | |
| v. | |
| **BETH A. WILKINSON** | Civil Action No. 1:20-cv-1344 (AJT/IDD) |
| *Defendant*, | |
| **PRO-FOOTBALL, INC.,** | |
| *Intervenor*. | |

## PLAINTIFF'S RESPONSE IN SUPPORT OF INTERVENOR'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS ON SEALING

Plaintiff David P. Donovan ("Plaintiff"), pursuant to Local Rule 7, hereby files this response in support of the Objections to the Magistrate Judge's Orders on Sealing (ECF 192, "Objections"), filed by Intervenor Pro-Football, Inc., d/b/a the Washington Football Team (the "Team"). The Court has already ruled that matters relating to ███████████ or privileged materials should be redacted and shielded from public disclosure. The question the Court now faces is whether certain information in seven documents should remain under seal, rather than be posted to the public docket. In short, Plaintiff agrees with the Team that such information is confidential or privileged, and should remain so, consistent with Plaintiff's original motion to seal and overall purpose in pursuing this action to ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████.

**BACKGROUND**

Plaintiff initiated this lawsuit to safeguard confidential and privileged information by seeking to enjoin Defendant Beth A. Wilkinson ("Defendant") from disseminating information she had obtained by ████████████████████████████████████████ ████████████████████████████. (*See* ECF 1, Compl. ¶¶ 1, 4-5 (describing ███████ ████████████████ and the harm that will result if confidentiality is not maintained); ECF 4, Mot. TRO 1-4 (same)).  Such disclosure threatened irreparable harm to Plaintiff, particularly since Plaintiff was bound by ██████████████████ that would prevent him from addressing the matters at issue or otherwise defending himself if the confidential information were publicly disclosed and publicized.

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████ The Docket plainly shows

Plaintiff filed ████████████ with the Court long before the Team intervened, and he did so

under seal, so the Team could not have even known one way or another whether ████████

████ had been filed.  Indeed, ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████ ████████████████

██████████████████████████████ None of these arguments

by Wilkinson are relevant to the issues now before the Court, and even if they were, Wilkinson

has no factual support for any of these ████████████, which should not be credited.

    To the contrary, ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

From the outset of this case, Plaintiff acted to protect the confidentiality of matters covered ███████████████████████████████████████████████████████ as well as any privileged information.  Plaintiff initially moved to seal the entire case, arguing that sealing the case was necessary and supported by applicable law.  (ECF 2, Mot. Leave File Under Seal; ECF 24, Mem. Supp. Mot Leave File Under Seal at 2.)  Pursuing an emergency order to prevent Defendant's disclosure of the confidential information, while simultaneously protecting the confidentiality of matters that Plaintiff had to discuss in his Court filings to demonstrate his entitlement to relief, was of paramount importance to Plaintiff.  Indeed, to provide an extra layer of protection, Plaintiff took the extra step of redacting certain materials, including information from ███████████████████████ he filed under seal with his preliminary filings, even though the Court agreed to initially maintain these documents wholly under seal.  (*See, e.g.,* Compl. at Ex. A.)

Ultimately, the Court disagreed with Plaintiff's request to seal the entire case, but ruled that "[t]o the extent that pleadings or hearings involve facts, matters or references that should be kept confidential, those facts, matters or references can be addressed on an individualized basis." (ECF 32, Nov. 17, 2020 Order at 3-4.)  Specifically, the Court ordered the parties to confer and present matters regarding redactions to Magistrate Judge Davis.  (*Id.* at 4.)  Consistent with the Court's Order, Plaintiff conferred and attempted to work with Defendant's counsel to protect the confidentiality rights implicated in this lawsuit.

In opposition to Plaintiff's Motion for Preliminary Injunction, Defendant revealed that she had already ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Because Defendant had done so before Donovan had sufficient notice and opportunity to ████████ ████████████████████████████████████████████████████████

███████████████████████████████████████████

█████████

Plaintiff's position that the prevailing legal authorities in this jurisdiction entitled him to file this action under seal, or at least to file significant portions of the record under seal, remains unchanged by his dismissal without prejudice. This early dismissal also means that the materials currently maintained, and those that should continue to be maintained, under seal do not concern information used to resolve any aspect of this case on the merits. This case effectively existed for two weeks, without the Court relying on any of the disputed material to make a determination on the merits.

Post-dismissal, the sole remaining issue in the litigation concerns redactions. In accordance with the Court's orders, both Plaintiff and Defendant filed initial proposed redactions and submitted additional arguments regarding the extent to which the pleadings and exhibits ought to be redacted. (ECF 46, Def.'s Objs. Redactions; ECF 54, Pl.'s Statement re. Redactions.) Thereafter, on November 25, 2020, the Magistrate Judge Davis issued an initial ruling on redactions. (ECF 68, Nov. 25, 2020 Order at 1-2.)

On December 9, 2020, the Team moved to intervene in this action. (ECF 79, Consent Mot. Intervene.) The Team was certainly the real party in interest with respect to protecting its privileged information and attorney's work product from public disclosure. However the Team's intervention in no way substituted for Plaintiff's interests, asserted at the outset, in sealing privileged and confidential information.

Since its intervention, the Team has thoroughly advocated to protect and preserve its privileges and confidentiality rights. Plaintiff (and at times Defendant) has largely agreed with the Team's proposed redactions. Notably, and as detailed in its Memorandum in Support of its Objections, Defendant's position regarding redactions has vacillated wildly. (*See* ECF 193, Mem.

Supp. Objs. at 5-7.)  At certain points, Defendant staunchly opposed redactions, claiming that ████ ███████████████████████████████████████ even though ██████████████████████████ ████████████████████████████████████████████████████████ At other times, Defendant has declined to interpose objections or consented outright to redactions proposed by the Team.  (*See id.* at 5.)

Regardless of what Defendant's current position is with respect to the redactions, Plaintiff supports the narrow Objections filed by the Team, which aim to safeguard confidential and privileged matters.  A lack of redactions or overly narrow redactions threaten to expose the confidential information Plaintiff sought to protect when he filed this lawsuit.

## ARGUMENT

**A.  All Matters Relating To** ███████████████████ **Should Remain Under Seal.**

As this Court has already ruled, information regarding ███████████████ and all privileged communications should be redacted and kept under seal.  (ECF 68, Nov. 25, 2020 Order at 1-2.)  Assuming a public right of access even exists for a case when there have been no dispositive rulings on the merits, (*see* ECF 193, Mem. Supp. Objs. at 9-10), █████████████ ████████████████████ greatly outweigh any purported right of access.  The existence of a confidentiality agreement is a compelling interest, or higher value, that weighs in favor of sealing. *See, e.g.*, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1074 (3d Cir. 1984) (recognizing that a confidentiality agreement is a factor that would support sealing); *Malon v. Franklin Fin. Corp.*, No. 3:14CV671 (HEH-RCY), 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) (sealing business documents that were subject to confidentiality agreements); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) ("cases involving contractual non-disclosure provisions, might properly be closed (or sealed)").  This is the case even when the First

Amendment applies, rather than the more ubiquitous common law standard, which applies to the passages at issue in the Team's Objections.  (*See* ECF 193, Mem. Supp. Objs. at 10.)

For example, in *Lifenet Health v. Lifecell Corp.*, No. 2:13CV486, 2015 WL 12517430 (E.D. Va. Feb. 12, 2015), this Court held that the protection of third-party interests, coupled with the bargained-for protection of a confidentiality provision, weighed in favor of sealing even where the First Amendment applied.  The party and third-party interests in protecting the confidential information were "significant enough to outweigh the First Amendment right of access[.]" *Id.* at *4.  The interests of the parties and third parties, along with any contracted for confidentiality obligations, must be considered as part of "the entirety of the circumstances" relating to sealing. *Id.*  Much like the circumstances in *Lifenet*, the ████████████, paired with the privacy interests here, should have been found to outweigh any concerns regarding access.

Public disclosure of passages that allow the public to surmise any information about ██ ██████████ could also lead to further litigation, for example ████████████ ████████████████.  Avoiding the potential for additional lawsuits stemming from any alleged breach of the parties' ██████████ is yet another compelling interest in favor of sealing.  *See Hubrick Ltd. v. Wanderset, Inc.*, No. CV187980SJORAOX, 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (maintaining filings under seal where "if the Requested Documents are disclosed, Plaintiffs and Defendants risk potential law suits [*sic*] and injury as a result of a breached confidentiality agreement").

In short, ██████████ should be protected and maintained.  If information regarding ██████████ is allowed to become part of the public record, it will send the message that injured parties have no viable recourse in the courts when faced with a threatened breach of ██████████ without exposing the confidential information.  Contracting parties to ██████████ will be left without an effective forum to

seek redress, if turning to the court system will only exacerbate and amplify the improper disclosure of confidential information.  Care must be taken to avoid this prejudicial and potentially far-reaching result.  This is especially so because Plaintiff initiated this action relying on the opposite outcome, having studied the protective persuasive authority of *Lifenet* which all parties have cited throughout the sealing proceedings.  *Lifenet* is the most factually analogous authority in this District and it unequivocally supports fulsome protection of the confidential information from public disclosure.

### B.  Privileged Information Should Remain Under Seal.

In addition to the concerns regarding the parties' ███████ right to confidentiality, "any information protected by attorney-client privilege" or any other applicable privilege must also be sealed.  (ECF 68, Nov. 25, 2020 Order at 1.)  The importance of maintaining and protecting the privilege easily overrides any supposed public right to access:

> Suffice to say that the interest in preserving a durable barrier against disclosure of privileged attorney-client information is shared both by particular litigants and by the public, and it is an interest of considerable magnitude.  Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records.

*Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 11 (1st Cir. 1998) (citing *Publicker*, 733 F.2d at 1073).

As the holder of the privilege, the Team has demonstrated the applicability of the privilege, the absence of any waiver, and the necessity of sealing these materials.  (*See* ECF 193, Mem. Supp. Objs. at 10-13; *see also* ECF 94, Team's Mem. Mot. Seal, Strike, and Recons. at 7-13.) Unfortunately, with the limited redactions currently endorsed by the Magistrate Judge, the substance of privileged communications can be determined through context of surrounding rhetoric ordered by the Magistrate Judge to be disclosed.  (*See* ECF 193-1, Objs. App. A at 2.) Sufficient text must be kept under seal to fully protect the privileged materials, rather than leaving gaps in the redactions that will allow third parties to piece together and effectively decipher ██

███████████████████████████.  The public is not entitled to access to privileged information, and additional, limited redactions, such as those proposed by the Team, are necessary to adequately protect the Team's privileges.

## CONCLUSION

Accordingly, for the reasons stated herein and those articulated in the Team's Objections, Plaintiff consents to and agrees with the Team's Objections and its request for further redactions to seven documents to adequately safeguard the confidential information that Plaintiff has sought to protect throughout this lawsuit.

Dated: May 4, 2021                      Respectfully submitted,

                                        ___/s/ *Cathy A. Hinger*_____
                                        Cathy A. Hinger (VSB No. 46293)
                                        Lela M. Ames (VSB No. 75932)
                                        Claire J. Rauscher (admitted *pro hac vice*)
                                        WOMBLE BOND DICKINSON (US) LLP
                                        1200 Nineteenth Street, N.W.
                                        Suite 500
                                        Washington, DC  20036
                                        Telephone:  202-857-4489
                                        Facsimile:  202-261-0029
                                        Email:  cathy.hinger@wbd-us.com
                                        Email:  lela.ames@wbd-us.com
                                        Email:  claire.rauscher@wbd-us.com

                                        *Counsel for Plaintiff*

FILED UNDER SEAL

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 4th day of May 2021, a true and correct copy of the foregoing response was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record and that undersigned counsel will serve copies of this sealed filing on counsel of record for all parties via email.


   */s/ Cathy A. Hinger*
Cathy A. Hinger, Esq.