IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAVID P. DONOVAN,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Civil Action No. 1:20cv1344 (AJT/IDD)
                                     )
BETH A. WILKINSON,                   )
                                     )
            Defendant.               )
_____    )

**REPLY MEMORANDUM IN SUPPORT OF INTERVENOR'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDERS ON SEALING**

John L. Brownlee (VSB No. 37358)
Stuart G. Nash (*pro hac vice*)
Robert J. Farlow (VSB No. 87507)
David L. Haller (*pro hac vice*)
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Phone: 202.955.3000
Facsimile: 202.955.5564
john.brownlee@hklaw.com
stuart.nash@hklaw.com
robert.farlow@hklaw.com
david.haller@hklaw.com

*Counsel for Intervenor
Pro-Football, Inc.*

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

**I. INTRODUCTION** ...............................................................................................1

**II. STANDARD OF REVIEW** ...........................................................................4

    **A. The Magistrate Judge's post-dismissal sealing decisions were issued pursuant to his 28 U.S.C. § 636(b)(3) authority to perform "additional duties" and are subject to *de novo* review**……………………...……………………………………………4

    **B. Even if the Magistrate Judge's post-dismissal sealing decisions were issued pursuant to his 28 U.S.C. § 636(b)(1) authority to "hear and determine . . . pretrial matter[s]," they are still subject to *de novo* or near-*de novo* review**………..6

    **C. The public right of access does not apply to the filings subject to the Magistrate Judge's sealing decisions**……………..……………………………………………7

    **D. Even if the public right of access applies to some the filings subject to the Magistrate Judge's sealing decisions, it would be the right of access derived from the common law, which can be overcome by a showing that the countervailing interests heavily outweigh the public interests in access**……………………………………………....9

**III. ARGUMENT** ...............................................................................................10

    **A. The privileged communications between the Team and Defendant should remain under seal**……………………………………………………………………..10

    **B. Defendant's privileged work product and mental impressions should remain under seal**……………………………………………………………………..12

    **C. Matter subject to ███████ confidentiality involving third parties and ███████████ concerning the same should remain under seal**………………………………………………………………………..14

    **D. Scandalous and immaterial allegations about non-parties, such as the Team, should remain under seal**…..………………………………………………..17

**IV. CONCLUSION** ...........................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Application of the United States*,
  707 F. 3d 283 (4th Cir. 2013) ............................................................................4, 5

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*,
  2019 WL 8108115 (E.D. Va. Aug. 15, 2019) ............................................................8

*Better Gov't Bureau v. McGraw*,
  106 F.3d 582 (4th Cir. 1997) ...............................................................................11

*Bisig v. Time Warner Cable, Inc.*,
  940 F.3d 205 (6th Cir. 2019) ............................................................................7, 10

*CertusView Techs., LLC v. S & N Locating Servs.*,
  LLC, 107 F. Supp. 3d 500 (E.D. Va. 2015) ............................................................6

*Consumer Sols. REO, LLC v. Hillery*,
  658 F. Supp. 2d 1002 (N.D. Cal. 2009) ...............................................................18

*E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*,
  621 F. Supp. 2d 603 (W.D. Tenn. 2009) ................................................................6

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
  392 F. Supp. 3d 244 (D.P.R. 2019) ........................................................................7

*In re Graham*,
  363 B.R. 32 (Bankr. D.N.H. 2007) .......................................................................17

*In re Grand Jury Subpoena*,
  341 F.3d 331 (4th Cir. 2003) ...............................................................................10

*Moussouris v. Microsoft Corp.*,
  2018 WL 1159251 (W.D. Wash. Feb. 16, 2018) .................................................15

*In re Policy Mgmt. Sys. Corp.*,
  1995 WL 541623 (4th Cir. Sept. 13. 1995) .......................................................7, 8

*Regscan, Inc. v. The Bureau of Nat'l Affairs, Inc.*,
  2012 WL 12903672 (E.D. Va. May 22, 2012) .....................................................16

*Schultz v. Braga*,
  290 F. Supp. 2d 637 (D. Md. 2003), *aff'd*, 455 F.3d 470 (4th Cir. 2006) ..............18

*In re Search Warrant Issued June 13, 2019*,
    942 F.3d 159 (4th Cir. 2019) ...................................................................14

*Seaton Ins. Co. v. Clearwater Ins. Co.*,
    736 F. Supp. 2d 472 (D.R.I. 2010)..............................................................6

*Springs v. Ally Fin. Inc.*,
    657 F. App'x 148 (4th Cir. 2016) ................................................................5

*Va. Dep't of State Police v. Washington Post*,
    386 F.3d 567 (4th Cir. 2004) .......................................................................9

*White v. Chapman*,
    2015 WL 4360329 (E.D. Va. July 14, 2015) ..............................................6

**Statutes**

28 U.S.C. § 636(b)(1) .......................................................................................5, 6, 7

28 U.S.C. § 636(b)(1)(A) ............................................................................5, 6, 7, 10

28 U.S.C. § 636(b)(3) ........................................................................................1, 4, 5

**Other Authorities**

5C Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2021) .......................18, 19

Fed. R. Evid. 408(a)...............................................................................................16

Intervenor Pro-Football, Inc., d/b/a the Washington Football Team (the "Team" or "Intervenor"), pursuant to 28 U.S.C. § 636(b)(3) and Local Civil Rule 7(F)(1), submits this reply memorandum in further support of the Team's Objections to the Magistrate Judge's Orders on Sealing (Dkt. Nos. 192, 193) and in response to the Opposition of Beth Wilkinson ("Defendant" or "Ms. Wilkinson") to Objections Before Judge Trenga on Sealing Issues (Dkt. No. 203).

## I.  INTRODUCTION

██████████████████████████████████████████████████████████

████████████████████████████████████████████████  ████████████

██████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████  █████████████████████████████████████

████████████████████████████████████████████████████

1

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████

     ██████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████.[1]

     ██████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████.[2]

_____

[1] ██████████████████████████████████████████████████
██ █ ████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████.

[2] ██████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
█████████ █ ███████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████,

Finally, and most troublingly, the parties that will bear the brunt of the Court's unsealing decisions were not initially parties to this litigation.  Despite ███████████████████████████, there is simply no evidence before the Court that ████████████████████████████████████ ████████████████████████████████████████████████████████████████[3] ███████████████████████████████████████████████████████████ ███████████████████████████████████  There is something fundamentally unfair about third parties—in this case, ████████████████████—having their rights of confidentiality and privilege over certain information stripped away as a consequence of actions taken by other litigants.  When, as here, the litigation involves two attorneys for the third party, both of whom were entrusted with the third party's privileged and confidential information, and used that privileged information, without authorization from the third party, to advance their respective positions in the litigation, the unfairness becomes manifest.

As set forth in its initial brief, the Team is entirely appreciative of the time and effort that the Magistrate Judge devoted to this matter.  Having supervised the review and redaction of dozens of filings and hundreds of pages of transcripts, the Magistrate Judge has narrowed the dispute to only 11 passages in five different documents (three court filings and two transcripts).  Unfortunately, when the issue involves protecting privileged and confidential information from

---

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████

[3] ████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████  █████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████.

the voracious scrutiny of the media, it is not sufficient to get the issue 99% correct, as the Magistrate Judge did here.  The passages that remain in dispute, if disclosed, would allow the public to glean information about the material that the Magistrate Judge rightfully kept under seal, and would fuel further reckless speculation about what remains under seal, in effect undoing much of the Magistrate Judge's hard work.

As more fully briefed in the Team's initial memorandum, and as further detailed below, the Team respectfully requests this Court to finish the job.  For better or worse, much of this lawsuit is going to be revealed for public perusal.  The Team respectfully requests that the Court partially redact 11 more passages from the hundreds of pages of materials that have been part of this case.[4]

## II. STANDARD OF REVIEW

In her Opposition, Defendant argues that the Magistrate Judge's sealing decisions may be overturned only upon a finding that they are "clearly erroneous or contrary to law."  Opp. at 13. Case law makes clear, however, that the Magistrate Judge's sealing decisions in this case are subject to plenary, or at a minimum, near-plenary, review.

### A. The Magistrate Judge's post-dismissal sealing decisions were issued pursuant to his 28 U.S.C. § 636(b)(3) authority to perform "additional duties" at the direction of the District Court Judge and are subject to *de novo* review.

After the case was dismissed, the sealing issues before the Magistrate Judge were no longer "pretrial matters" and thus, no longer subject to deferential review.  In *In re Application of the*

----

[4] 

*United States*, 707 F. 3d 283 (4th Cir. 2013), the Fourth Circuit held that (1) "a magistrate judge's power to control access to judicial documents or docket sheets derives from the district court's inherent power to control access," (2) "[a] magistrate judge's power to control access falls under the 'additional duties' prong of the Federal Magistrates Act, 28 U.S.C. § 636(b)(3)," and (3) "decisions under this prong are accorded *de novo* review by the district court." *Id*. at 289.

Defendant argues that the *de novo* standard of review does not apply to the Magistrate Judge's sealing decisions, however, because, in this case, those decisions involved "pretrial matters" that this Court designated the Magistrate Judge to hear and determine under 28 U.S.C. § 636(b)(1). What Defendant ignores is that this case was dismissed before the Magistrate Judge issued any of his sealing decisions. In fact, this case was dismissed before some of the statements that the parties are seeking to seal were even made. Once the case was dismissed, the sealing issues in this case were no longer "pretrial matters." Indeed, at that point, the case was no longer live and there was certainly no trial to come.

As such, and unlike the cases cited by Defendant—all of which involved review of sealing orders issued *before* dismissal—the Magistrate Judge's sealing orders could not have been issued under his § 636(b)(1) authority to "hear and determine . . . pretrial matter[s]," but rather only under his § 636(b)(3) authority to perform "additional duties." Accordingly, they are subject to *de novo* review. *See Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 152 (4th Cir. 2016) (holding that "[a] magistrate judge may not decide, postjudgment, a motion that would be a proper pretrial motion under § 636(b)(1)(A) because resolution of such motions is dispositive of a claim" and "therefore, the district court was required to provide de novo review" of the magistrate's decision) (internal quotation marks and citation omitted).

**B.  Even if the Magistrate Judge's post-dismissal sealing decisions were issued pursuant to his 28 U.S.C. § 636(b)(1) authority to "hear and determine . . . pretrial matter[s]," they are still subject to *de novo* or near-*de novo* review.**

Even if the Court were to find that the dismissal of this case had no effect on the Magistrate Judge's § 636(b)(1) authority to determine the sealing issues as "*pretrial* matters,"[5] the Magistrate Judge's sealing decisions are still subject to near-plenary review.  As Defendant points out, under Rule 72(a), the district court must set aside any nondispositive order that is "clearly erroneous or contrary to law."  Opp. at 13 (citing Fed. R. Civ. P. 72(a)).  "The 'clearly erroneous' standard, [however,] applies only to factual findings made by the Magistrate Judge, while his legal conclusions will be reviewed under the more lenient 'contrary to law' standard."  *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009).  "[F]or questions of law there is no practical difference between review under Rule 72(a)'s contrary to law standard and a *de novo* standard."  *CertusView Techs., LLC v. S & N Locating Servs.*, LLC, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (citation omitted).[6]  Because the Magistrate Judge's decisions about whether certain terms and phrases in filings in this case should remain sealed are legal conclusions, they are subject to *de novo* review.  *See White v. Chapman,* 2015 WL 4360329, at *4 (E.D. Va.

---

[5] In her Opposition, Defendant cites *White v. Chapman*, 2015 WL 4360329 (E.D. Va. July 14, 2015) for the proposition that the district court's "*jurisdiction* to review sealing orders is not impacted by resolution of the merits of the underlying case."  *Id.* at *2 (emphasis added).  But the *White* Court did not hold that the *standard of review* applied to sealing orders is unaffected by resolution of the merits of the underlying case.  In *White*, the Magistrate Judge issued his orders *before* the case had been dismissed and, thus, *White* is factually inapposite to this case, where not only was the case dismissed before the Magistrate Judge issued his sealing orders, but also before some of the statements addressed in those orders were even made.  *Id.* at *1-2.

[6] *Seaton Ins. Co. v. Clearwater Ins. Co.*, 736 F. Supp. 2d 472, 474 (D.R.I. 2010) ("Even the 'clearly erroneous' standard established by 28 U.S.C. § 636(b)(1)(A) for non-dispositive decisions by a magistrate judge requires *de novo* review of 'the magistrate judge's legal conclusions.'") (citation omitted).

July 14, 2015) (analyzing a magistrate's sealing order under Rule 72(a) and applying only the "contrary to law" standard).

Moreover, even if the Court were to find that the Magistrate Judge's decisions about whether to seal certain terms and phrases involved some mixed questions of law and fact, those decisions are still subject to near-plenary review, because those questions were not at all fact intensive. *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 392 F. Supp. 3d 244, 252 (D.P.R. 2019) ("Mixed questions of law and fact trigger a sliding scale of review pursuant to which: [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review.") (citing *Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.)*, 727 F.3d 58, 64 (1st Cir. 2013)); *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 221 (6th Cir. 2019) ("For mixed questions of law and fact, § 636(b)(1)(A) invokes a sliding scale of review in which 'clear error' and 'contrary to law' represent the outer bounds.  The more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review.").  Thus, fact-light and law-heavy questions, like whether a word or phrase meets the legal standard of sealing, fall at or near the "contrary to law" end of § 636(b)(1)(A) sliding scale of review.

### C. The public right of access does not apply to the filings subject to the Magistrate Judge's sealing decisions.

There is no public right of access to the material the Team objects to unsealing.  The disputed passages at issue are contained in: (1) briefing on Plaintiff's motion for an injunction that the court never ruled on; (2) a hearing on a motion to clarify; and (3) briefing and a closed hearing on sealing issues.  Defendant argues that the First Amendment right of access governs "motions for injunctive relief," Opp. at 15-16, apparently conceding that the public has no such right of

access to the other documents at issue here.  The Fourth Circuit's decision in *In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623 (4th Cir. Sept. 13. 1995), however, forecloses even that argument. In *Policy Mgmt. Sys. Corp.*, the Fourth Circuit observed that "[t]he right of access attaches under the First Amendment if: (1) the place and process have historically been open to the press and general public; and (2) public access plays a significant positive role in the functioning of the particular process in question."  1995 WL 541623 at *3 (internal quotation marks and citation omitted).  The Court then considered the specific question of whether the First Amendment's public right of access applied to documents attached to a motion to dismiss when the district court did not consider those documents.  The Fourth Circuit held that the documents were "not subject to the First Amendment guarantee of access" because "public access to documents that a court did not consider would not play a significant positive role in the functioning of the particular process in question."  *Id.* at *4.

Because Plaintiff voluntarily dismissed this case before the Court could consider Plaintiff's motion for a preliminary injunction or any of the documents related thereto, like in *Policy Management Systems Corp.*, the First Amendment guarantee of access does not attach to those documents.  The First Amendment right of access also does not apply to the filings related to collateral sealing issues because, unlike a motion for summary judgment for example, they do not "substantively resolve" the dispute between the parties. *See BASF Plant Science, LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 2019 WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)).

The common law presumption of access also does not apply to the filings subject to the Magistrate Judge's sealing decisions.  Indeed, after determining that the First Amendment's public right of access did not apply to documents that the district court did not consider, the Fourth Circuit

turned to the question of whether the documents "excluded [from consideration] by the court constitute 'judicial documents' subject to the common law presumption of access." *Id.* The Fourth Circuit held that "the mere filing of a document with a court does not render the document judicial" and "agree[d] with the Second Circuit that a document becomes a judicial document when a court *uses* it in determining litigants' *substantive rights*." *Id.* (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)) (emphasis added). The common law presumption of access did not apply to the documents that the district court did not consider because the district court did not use them for any purpose. That specific holding applies to Plaintiff's motion for a preliminary injunction and any of the documents related thereto, which this Court did not use in any way. But the broader holding—that a document becomes a judicial document only when the court uses it in determining litigants' *substantive rights*—applies to all of the filings related to collateral sealing issues, which certainly do not determine Plaintiff or Defendant's substantive rights in this case.

**D. Even if the public right of access applies to some the filings subject to the Magistrate Judge's sealing decisions, it would be the right of access derived from the common law, which can be overcome by a showing that the countervailing interests heavily outweigh the public interests in access.**

Because the First Amendment right of access does not apply to filings that do not substantively resolve the dispute between the parties, only the common law right of access could apply to any of the filings at issue in the Magistrate Judge's sealing decisions. Unlike the First Amendment right of access, which can only be overcome on the basis of a compelling governmental interest and a denial of access that is narrowly tailored to serve that interest, the common law presumption of access is rebuttable simply upon a showing that "the countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted).

9

### III. ARGUMENT

Under the *de novo* or near-*de novo*[7] standard of review applicable to the primarily legal questions about whether certain terms and phrases should remain under seal, the Court should sustain the Team's objections, overrule the Magistrate Judge's decisions with respect to 11 specific redactions, and order that those few passages remain sealed.

### A. The privileged communications between the Team and Defendant should remain under seal.

Defendant raises four primary arguments as to why the attorney-client communications between the Team and its attorney (Defendant) are not privileged and should not remain sealed. None of Defendant's arguments supports unsealing the privileged communications.

First, Defendant argues that the attorney-client communications in question—conversations between Defendant and ███████████████ regarding ████████████ ████████████████████████████████████ for purposes of Defendant's investigation—"were not for the purpose of seeking legal advice." Opp. at 18. But to be privileged, attorney-client communications do not have to be for the purpose of seeking legal advice. As the Fourth Circuit has held, to be privileged, attorney client communications need to be "for the purpose of securing primarily *either* (i) an opinion on the law or (ii) *legal services* or (iii) assistance in some legal proceeding." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003) (emphasis added). The Team's communications with Defendant (who, as counsel for the Team, was conducting an internal investigation of the Team) about ███████████ ████████████████████████████████ are clearly (at least

---

[7] *Bisig*, 940 F.3d at 221 ("For mixed questions of law and fact, § 636(b)(1)(A) invokes a sliding scale of review in which 'clear error' and 'contrary to law' represent the outer bounds. The more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review.") (internal quotation marks and citations omitted).

"primarily") for the purpose of "securing . . . legal services," and, thus, privileged under the standard set out by the Fourth Circuit. *Id.* at 335. An internal investigation is a common form of legal services to which privilege routinely attaches. *See Better Gov't Bureau v. McGraw*, 106 F.3d 582, 601-03 (4th Cir. 1997).[8]

Second, Defendant argues that "the text in question communicates the *substance* of a decision that the Team made, and the substance of a decision is not privileged." Opp. at 18 (emphasis in original). Defendant is correct that the text in question does communicate, albeit inaccurately, the alleged substance of the Team's decision, but that is because it also communicates almost word for word Ms. Wilkinson's account of the attorney-client communications related to that decision. The generic substance of the Team's decision may fall outside the scope of the attorney-client privilege, but the attorney-client communications actually communicating that decision or those related to that decision—a decision made for the purpose of securing legal services—fall squarely within the scope of the privilege. Defendant recognizes that "[i]f the passages that the Team seeks to maintain redacted contained any advice of counsel regarding the release of its confidentiality rights, then that advice may be privileged." *Id.* What Defendant seeks to obscure is that the attorney-client privilege does not only protect advice of counsel, but also client communications for the purpose of securing legal services, which these most certainly were.

---

[8] Throughout her Opposition, Defendant characterizes her work as █████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████ █████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████

The "substance of a decision" exception to the attorney-client privilege surely cannot be used to reveal verbatim communications between attorney and client about a client decision made for the purpose of securing legal services.

Third, Defendant argues that "the ███████████████████ was intended to be *revealed* to third parties . . . and therefore is not privileged." Opp. at 18 (emphasis in original). Defendant fails to appreciate that, at most, the Team was expecting that Defendant might reveal the *substance* of its decision, not its verbatim communications about the decision. Furthermore, Defendant also fails to recognize that revealing the Team's attorney-client communications, even word for word, to *Team employees* does not break privilege.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

**B. Defendant's privileged work product and mental impressions should remain under seal.**

████████████████████████████████████████████

████████████████████████████ Defendant argues that the passages in question do not reveal mental impressions that were formed during the course of her investigation on behalf of the Team, but rather unrelated mental impressions having only to do with her defenses in this litigation. ████████████████████████ For example, ████████████████



[9]—

.[10] The work product and mental impressions outlined above were clearly derived from Defendant's investigation and not in response to the instant litigation. This example alone disproves Defendant's blanket claim that the mental impressions at issue were unrelated to her investigation of the Team and should inform the Court's assessment of Defendant's other mental impressions subject to the Magistrate Judge's sealing decisions. Because each of Defendant's "thoughts and impressions" outlined in the "Attorney Mental Impressions from Internal Investigation" section of Exhibit A was formed based on her experience in conducting the privileged investigation on behalf of the Team, they are privileged and, as such, should remain

---

[9] Dkt. No. 193-1, Appendix A (quoting Defendant's Opposition to Plaintiffs Motion to Seal Case (Dkt. 46-2) at 2-3: "And it comes on the heels of _____ recent efforts to _____ _____ silence and non-cooperation with _____ investigation, as documented and rebuffed by _____ Brendan Sullivan of Williams & Connolly LLP.").

[10]

sealed.  *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 173 (4th Cir. 2019).

The Team's description of Defendant's privileged mental impressions made during a closed hearing on the Team's motion to seal should also remain sealed.  If the Court agrees that Defendant's mental impressions were derived from her privileged investigation conducted on behalf of the Team and that, therefore, those impressions should remain sealed, unsealing oral argument offered in an attempt to secure the initial sealing of those impressions would defeat the rationale of the Court's decision.

**C. Matter subject to ▮▮▮▮▮▮▮ confidentiality involving third parties and concerning the same should remain under seal.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Opp. at 21.  Indeed, Defendant argues that "general references" to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮.  *Id.*  Despite Defendant's characterization of the level of generality involved in the confidential information that will be released if this Court does not intervene, the material set to be unsealed reveals specific details about third-parties that should rightfully remain under seal.  Releasing this confidential information would reveal that the circumstances giving rise to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It would reveal ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It would reveal that the ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And it would ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ The cases considering whether to seal the confidential information of third

---

[11] Dkt. No. 172 at 3.

parties do not apply a particularity or level of generality test to the words and phrases at issue.[12] That is likely why Defendant does not cite any.  *See* Opp. at 21.  But even if she did, the examples of confidential information above all include concrete and *specific* details about ██████████ ██████████████████████████ that should not enter the public domain.

Defendant next argues that by "████████████████████████████████████ ████████████████████████████████████ has somehow forfeited██ and the Team's confidentiality rights.  *See* Opp. at 21-22.  In reading Defendant's Opposition, one would be led to believe that ████████████ needlessly and voluntarily made public statements confirming each of the specific details outlined above.  That could not be further from the truth. As the first page of his declaration makes clear, ██████████████████████████████████ ████████████████████████████████[13] ██████████████████████ ████████████ █████████████████████████████████ ███████████████████████████████████████ █████████████████████████████████████████ █████████████████████████████████████████ ████████████████████████[15]

---

[12] *See, e.g.*, *Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018), *rpt. & rec. adopted*, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018)  ("The special master finds that the privacy interests of non-parties—most of whom raised allegations that they were discriminated against or harassed while employed by Microsoft—outweighs the public's interest in knowing the identity of the non-parties. Such information is private to the individuals involved, who have not sought to place that private information in the public sphere.") (internal quotation marks and citation omitted).
[13] *Id.* at 2.
[14] *Id.* at 3.
[15] There has never been any public acknowledgement that ██████████████████████ ██████████████████████████████████ One of the principal harms of allowing the unsealing

Finally, Defendant argues that a statement characterizing an attempt to renegotiate the terms of ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████Without any personal knowledge of the discussions between the Team ████████████████, Defendant's opinion as to whether ████████████████████████ is of little value to the Court.[16]

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Clearly, a ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████. Despite the mischaracterization of ██████

████████████████████████████████████   ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

to proceed as directed by the Magistrate Judge, is that it would strengthen the inference that ████
████████████████████████████████, allowing the public and the media to "████████████
████████████.

[16] ████████████████████████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████

**D.  Scandalous and immaterial allegations about non-parties, such as the Team, should remain under seal.**

Defendant argues that certain scandalous and immaterial allegations about the Team and other non-parties should not be sealed because there is "no legal basis" for doing so.  Opp. at 23.  Defendant points out that the cases cited by the Team in support of sealing the allegations at issue involve striking portions of pleadings and other filings rather than sealing them.  Defendant seems to imply that striking the pleadings as opposed to sealing them may make some practical difference to the public's ability to access the stricken or sealed information.  When a portion of a pleading or other filing is stricken, however, it is often removed from the docket and unavailable to the public just as if it were sealed.  *See, e.g.*, *In re Graham*, 363 B.R. 32, 40 (Bankr. D.N.H. 2007) ("Because the allegations made by Graham are immaterial and impertinent to the subject of Netria's complaint, and are largely scandalous, Netria's motion is granted, and the answer shall be removed from the docket.").  Further, the reasoning behind the cases cited in Defendant's Objections applies with even greater force to this Court's exercise of its inherent authority to control the docket here, where the Team finds itself involved in a dismissed case to which it is not a party and, therefore, with no ability to rebut the scandalous and immaterial allegations against it through further litigation.

Defendant next argues that the scandalous and immaterial allegations should not be sealed because the allegations are not that scandalous and there is no prejudice to the Team or any other third parties.  *See* Opp. at 24 ████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████.  Not so.  One of the disputed

passages Defendant seeks to unseal alleges that ███████████████████████████████████

████████████████████████████████████████.[17] █████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████  Because the scandalous allegation is both unnecessary

and "prejudicial to ██████████ reputation," the allegation should remain sealed.  *See Schultz v.*

*Braga*, 290 F. Supp. 2d 637, 655 (D. Md. 2003), *aff'd*, 455 F.3d 470 (4th Cir. 2006) ("In light of

the fact that in making allegations about the February 20, 2000 incident plaintiffs have chosen to

use inflammatory language that is not in keeping with the spirit of notice pleading contemplated

by the Federal Rules of Civil Procedure and that is *prejudicial to Braga's reputation*, his motion

to strike will be granted.") (emphasis added).

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████  As with the

previous allegation about a *non-party*, this too is a scandalous matter that "unnecessarily reflect[s]

on the moral character" ████████████████████████████████████ *Hillery*, 658 F.

Supp. 2d at 1020.  As such, the Court should exercise its inherent power to seal the four words

necessary to protect ████████████.  *See* 5C Charles Alan Wright et al., Fed. Prac. & Proc. Civ. §

---

[17] ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

1382 (3d ed. 2021) ("[T]he disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations.").

Finally, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████   ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████.[18]

          ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████

_____

[18] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████   █████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████   █  ████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████

## IV. CONCLUSION

Based on the reasons and authorities cited herein, the Court should sustain the Team's objections to the challenged portions of the Magistrate Judge's final Order on redactions, approve the eleven (11) additional redactions proposed by the Team listed in Appendix A (Dkt. No. 193-1), and avoid the necessity of any further appeal.

Dated: May 10, 2021                                    Respectfully submitted,


                                                       */s/ John L. Brownlee*
                                                       John L. Brownlee (VSB No. 37358)
                                                       Stuart G. Nash (*pro hac vice*)
                                                       Robert J. Farlow (VSB No. 87507)
                                                       David L. Haller (*pro hac vice*)
                                                       Holland & Knight LLP
                                                       800 17th Street N.W., Suite 1100
                                                       Washington, D.C. 20006
                                                       Phone: 202.955.3000
                                                       Facsimile: 202.955.5564
                                                       john.brownlee@hklaw.com
                                                       stuart.nash@hklaw.com
                                                       robert.farlow@hklaw.com
                                                       david.haller@hklaw.com

                                                       Dechert LLP
                                                       1095 Avenue of the Americas
                                                       New York, NY 10036
                                                       Phone: 212.698.3500
                                                       Facsimile: 212.698.3599

                                                       *Counsel for Intervenor*
                                                       *Pro-Football, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of May 2021, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

*/s/ John L. Brownlee*
John L. Brownlee (VSB No. 37358)

*Counsel for Intervenor*
*Pro-Football, Inc.*
