UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

DAVID P. DONOVAN

*Plaintiff*,

v.

BETH A. WILKINSON

*Defendant*,

PRO-FOOTBALL, INC.,

*Intervenor*.

Civil Action No. 1:20-cv-1344 (AJT/IDD)

**PLAINTIFF'S SEALED RESPONSE IN OPPOSITION TO BETH WILKINSON'S PRAECIPE REGARDING EXHIBIT W6 TO HER DECLARATION**

Plaintiff David P. Donovan ("Plaintiff"), hereby files this response in opposition to the Praecipe Regarding Exhibit W6 (ECF 215, "Praecipe") filed by Defendant Beth Wilkinson ("Defendant"). This case has been dismissed for over six months. The only remaining issue before the Court is whether certain information in seven documents should remain under seal or be posted to the public docket. However, Defendant now proposes, under the guise of a Praecipe, to introduce even more privileged material into the record, █████████████████████████████████████████████████████████████████████████████████████. ████████████████████████████ is completely irrelevant now because Plaintiff dismissed his claims against her. Allowing belated submission of another sealed document will unnecessarily prolong this matter by reigniting disputes concerning privileged communications and redactions, which have already consumed the Court and the parties for many months,

amounting to hundreds of filings. Simply put, the Court should ignore the Praecipe and not permit Defendant to submit a new, privileged, and unnecessary sealed exhibit in this dismissed case.

## BACKGROUND

Plaintiff is a party to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which was the subject of this lawsuit. Plaintiff initiated this suit to enjoin Defendant from disseminating confidential and privileged information she acquired ▮▮▮▮▮▮▮▮▮▮▮▮. (*See* ECF 1, Compl. ¶¶ 1, 4-5 (describing Plaintiff's ▮▮▮▮▮▮ ▮▮▮▮▮▮ the harm that will result if confidentiality is not maintained); ECF 4, Mot. TRO 1-4 (same).) Defendant's imminent disclosure of confidential information threatened irreparable harm to Plaintiff, and thus, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on November 9, 2020. (*See* ECF 4.) On November 20, 2020, Defendant filed her opposition to that motion (ECF 55), which included her declaration with attachments that revealed that she had already shared certain confidential information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On November 23, 2020, Plaintiff, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, dismissed this action without prejudice because the primary disclosure Plaintiff sought to enjoin had already occurred. (ECF 61, Reply Mot. Prelim. Inj.; ECF 63, Notice Dismissal.)

After this dismissal, on or around December 2, 2020, counsel for Defendant alerted Plaintiff that it had mistakenly filed the wrong document as one of the exhibits to Defendant's Opposition to the Motion for Preliminary Injunction, which was supposed to have been ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1, Dec. 2, 2020 Email.) Since



the case was dismissed, Plaintiff saw no need for Defendant to belatedly file a new exhibit. It appears Defendant reached a similar conclusion. (*See* Praecipe at 2 ("Because Mr. Donovan voluntarily dismissed his lawsuit, and because Judge Davis agreed that the ▮▮▮ themselves should remain sealed, counsel saw no need to substitute ▮▮▮▮▮▮▮▮ as the appropriate exhibit W6.").) Defendant did not thereafter move to substitute the exhibit and made no further mention of it.

Now, suddenly, nearly six months later, as the Court is on the cusp of resolving what is left of this case, Defendant unexpectedly sent counsel for Plaintiff and the Team an urgent email, on the afternoon of Memorial Day, seeking consent for a proposed motion, which Defendant had prepared and attached, to substitute the exhibit with ▮▮▮▮▮▮▮▮ and requesting a response by nine o'clock the next morning. (Ex. 2, Email Chain at May 31 Email.) The Team and Plaintiff responded the following day, albeit not by the urgent nine a.m. deadline, explaining that they would consent to filing under seal, but opposed the motion to substitute, due to the inefficiencies it could create. And the Team, as holder of the privilege, asserted that it would be a breach of Defendant's obligations to file more privileged communications in the Court record when she had no further need to do so to support a substantive defense. (*Id.* at June 1, 4:55 pm and 5:17 pm Emails.)

At nearly eleven o'clock p.m., in an apparent attempt to circumvent Plaintiff and the Team's opportunity to oppose the motion Defendant drafted, Defendant's counsel emailed Plaintiff and the Team advising that they had converted Defendant's motion to substitute the exhibit into a praecipe and intended to file it the following morning. (*Id.* at June 1, 10:59 pm Email.) This unilateral change of course to a praecipe did nothing to alleviate the concerns of Plaintiff and the Team, but rather, escalated the dispute by attempting to thwart an opportunity to file an opposition to Defendant's request to substitute the exhibit. (*Id.* at June 2 Emails.) Plaintiff

3

files this Response because the Praecipe is really nothing more than a motion in disguise, a motion that Plaintiff opposes.

## ARGUMENT

Allowing the submission of a new privileged exhibit, at this eleventh hour, will unnecessarily prolong closure of this dismissed case.  Defendant originally submitted her declaration and related exhibits in opposition to Plaintiff's Motion for Preliminary Injunction.  However, the issue of preliminary injunctive relief was mooted months ago by Plaintiff's voluntary dismissal, and thus there is no need for the Court to examine this exhibit or any other document concerning the merits of Plaintiff's initial motion.  Rather, it appears that Defendant wishes to ▉ ▉ ▉ ▉ ▉ ▉

To submit another privileged exhibit now will restart the cycle of ongoing back-and-forth regarding privilege and redactions.  The ▉ and the issue of what if any of them should be sealed, redacted or unredacted will presumably first be considered by Judge Davis.  And, to the extent there is any disagreement with this decision, would then result in another round of objections and briefing.  The Team's Objections regarding whether portions of the last seven documents should remain sealed are already fully briefed and ripe for decision.  There is no reason for the proverbial clock to start again on sealed motions briefing for an exhibit related to a mooted motion.

Furthermore, Plaintiff agrees with the Team that Defendant's ▉ ▉ ▉

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

## CONCLUSION

Accordingly, for the reasons stated herein and those articulated in any opposition the Team may file, Plaintiff respectfully requests that the Court maintain the status quo and not allow Defendant to introduce a new ██████████████ into the record at this late stage.

Dated: June 9, 2021            Respectfully submitted,

                                             /s/ *Cathy A. Hinger*
                                     Cathy A. Hinger (VSB No. 46293)
                                     Lela M. Ames (VSB No. 75932)
                                     Claire J. Rauscher (admitted *pro hac vice*)
                                     WOMBLE BOND DICKINSON (US) LLP
                                     1200 Nineteenth Street, N.W.
                                     Suite 500
                                     Washington, DC  20036
                                     Telephone:  202-857-4489
                                     Facsimile:  202-261-0029
                                     Email:  cathy.hinger@wbd-us.com
                                     Email:  lela.ames@wbd-us.com
                                     Email:  claire.rauscher@wbd-us.com

                                     *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2021, a true and correct copy of the foregoing response was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record and that undersigned counsel will serve copies of this sealed filing on counsel of record for all parties via email.

                                          */s/ Cathy A. Hinger*
                                          Cathy A. Hinger, Esq.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Tom Mason <TMason@hwglaw.com> |
| **Sent:** | Wednesday, December 2, 2020 2:18 PM |
| **To:** | Hinger, Cathy; Rauscher, Claire |
| **Cc:** | Tom Mason; Thomas Connolly |
| **Subject:** | Substitute exhibit |
| **Attachments:** | 18. 2020.07.21 ▮▮▮▮▮.pdf |

EXTERNAL EMAIL: Open Attachments and Links With Caution.

Cathy, Claire, per our discussion, I attach the correct exhibit W6.  As discussed, we would redact the top portion regarding ▮▮▮▮ as irrelevant and for privacy concerns.  The unredacted portion was start with ▮▮▮▮  As mentioned yesterday, this was essentially the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ in the course of Beth and her Firm's investigation.

Tom

# EXHIBIT 2

| | |
|---|---|
| **From:** | Stuart.Nash@hklaw.com |
| **Sent:** | Wednesday, June 2, 2021 11:45 AM |
| **To:** | Hinger, Cathy; JMarx@hwglaw.com; TConnolly@hwglaw.com; john.brownlee@hklaw.com; Rauscher, Claire |
| **Cc:** | TMason@hwglaw.com; Ames, Lela |
| **Subject:** | RE: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx |

**EXTERNAL EMAIL: Open Attachments and Links With Caution.**

Jared, et al.:



I join Ms. Hinger in objecting to

I also join Ms. Hinger in her opposition to your filing

I reiterate my objection, raised earlier this morning, that the filing of this pleading

Finally,

If you are committed to going forward with your pleading notwithstanding all of the above, we continue to expect the filing to be under seal.

Regards,

Stuart

**From:** Hinger, Cathy <Cathy.Hinger@wbd-us.com>
**Sent:** Wednesday, June 02, 2021 9:15 AM
**To:** Jared P. Marx <JMarx@hwglaw.com>; Nash, Stuart G (WAS - X75158) <Stuart.Nash@hklaw.com>; Thomas Connolly <TConnolly@hwglaw.com>; Brownlee, John L (WAS - X71854, TYS - X78053) <john.brownlee@hklaw.com>; Rauscher, Claire <Claire.Rauscher@wbd-us.com>
**Cc:** Tom Mason <TMason@hwglaw.com>; Ames, Lela <Lela.Ames@wbd-us.com>
**Subject:** RE: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx

1

*[External email]*
Jared – I did not consent to you filing a ███████████████████████████



Best Regards,
Cathy Hinger

---

**From:** Jared P. Marx <JMarx@hwglaw.com>
**Sent:** Tuesday, June 1, 2021 10:59 PM
**To:** Hinger, Cathy <Cathy.Hinger@wbd-us.com>; Stuart.Nash@hklaw.com; Thomas Connolly <TConnolly@hwglaw.com>; john.brownlee@hklaw.com; Rauscher, Claire <Claire.Rauscher@wbd-us.com>
**Cc:** Tom Mason <TMason@hwglaw.com>; Ames, Lela <Lela.Ames@wbd-us.com>
**Subject:** RE: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx

Stuart and Cathy – We disagree with your objections. But out of a desire to try to avoid further litigation, ███████████████████████████

---

**From:** Hinger, Cathy <Cathy.Hinger@wbd-us.com>
**Sent:** Tuesday, June 1, 2021 5:17 PM
**To:** Stuart.Nash@hklaw.com; Thomas Connolly <TConnolly@hwglaw.com>; john.brownlee@hklaw.com; Rauscher, Claire <Claire.Rauscher@wbd-us.com>
**Cc:** Tom Mason <TMason@hwglaw.com>; Jared P. Marx <JMarx@hwglaw.com>; Ames, Lela <Lela.Ames@wbd-us.com>
**Subject:** RE: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx

Tom:

Mr. Donovan opposes the substance of the motion to substitute. ███████████████████████████

As with the Team though, we will not oppose your motion to file this under seal.

Best Regards,
Cathy Hinger

**Cathy Hinger**
Partner
Womble Bond Dickinson (US) LLP

**d:** 202-857-4489
**m:** 703-585-3620
**e:** Cathy.Hinger@wbd-us.com

1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036



**womblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Stuart.Nash@hklaw.com <Stuart.Nash@hklaw.com>
**Sent:** Tuesday, June 1, 2021 4:55 PM
**To:** TConnolly@hwglaw.com; john.brownlee@hklaw.com; Hinger, Cathy <Cathy.Hinger@wbd-us.com>; Rauscher, Claire <Claire.Rauscher@wbd-us.com>
**Cc:** TMason@hwglaw.com; JMarx@hwglaw.com
**Subject:** RE: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx

Tom:

    We oppose the motion.

    Moreover, as attorneys for the Team we object, [REDACTED]

    Putting all that to one side, however, the Donovan v. Wilkinson case has now been dismissed. The only remaining issue is what portion of the case will be unsealed, and thus there is no remaining issue upon which [REDACTED]

    Finally, I have been made aware that [REDACTED]

3

███████████████████████████████████████

  To the extent that you are intent on going forward with this motion over our objection, we agree that the filing should be under seal.

  Regards,

    Stuart

---

**From:** Thomas Connolly <TConnolly@hwglaw.com>
**Sent:** Monday, May 31, 2021 2:59 PM
**To:** Nash, Stuart G (WAS - X75158) <Stuart.Nash@hklaw.com>; Brownlee, John L (WAS - X71854, TYS - X78053) <john.brownlee@hklaw.com>; Hinger, Cathy <Cathy.Hinger@wbd-us.com>; Rauscher, Claire <Claire.Rauscher@wbd-us.com>
**Cc:** Tom Mason <TMason@hwglaw.com>; Jared P. Marx <JMarx@hwglaw.com>
**Subject:** FW: 2021-05-28 - Motion to substitute exhibit (ks edit) (002).docx

*[External email]*

All,

Given the Team's pending objections, several of which relate to the ███████████████, we will be moving to substitute sealed exhibit W6 to our client's declaration in opposition to preliminary injunction. As Donovan's counsel know from our correspondence last year, in exhibit W6 we appended ████████████████████████████████████████████████████████████████████████. Both conversations are relevant to this case and both were described in our opposition to preliminary injunction, but the one from July 21 documents ████████████████████.

As our draft motion makes clear, we are not asking to disclose these █████ to the public. We are providing them because Judge Trenga, and any other court asked to review this matter, should have access to them in the sealed record.

Our motion to substitute, and the corrected W6, are attached. Please let us know by 9am tomorrow your position on the motion to substitute. And regardless of your position on the motion, please confirm that you agree the filing should be under seal rather than accessible to the public.

Thanks,

Tom

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If

you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.